PEOPLE v. WIEJECHA

1. CRIMINAL LAW — DUE PROCESS — EVIDENCE — ADMISSIBILITY —
SEARCH AND SEIZURE — ARREST.

   Defendant in a criminal case, whether jury or non-jury, has the
   right to a separate hearing to determine the facts surrounding
   his arrest, and the right to testify at the hearing about these
   facts, without waiving his privilege against self-incrimination,
   when he is challenging on constitutional grounds the admission
   into evidence of things that were taken from him when he was
   arrested.

2. SAME—DUE PROCESS—EVIDENCE—MOTION TO SUPPRESS—EVIDEN-
TIARY HEARING.

   Defendant in a criminal case has a right to an evidentiary hear-
   ing on a motion to suppress evidence allegedly seized in viola-
   tion of his constitutional rights regardless of whether his
   trial is by a jury or by the court, and if he testifies in such
   hearing, he does not thereby waive his right to decline to take
   the stand and testify if a retrial for any reason is ordered.

Appeal from Wayne, Brennan (Thomas E.), J.
Submitted Division 1 March 8, 1968, at Detroit.
(Docket No. 3,492.)   Decided November 29, 1968.

Victor Wiejecha was convicted of unlawful pos-
session of narcotics.   Defendant appeals.   Reversed
and remanded.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2]  29 Am Jur 2d, Evidence § 412.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Luvenia D. Dockett,* Assistant Prosecuting Attorney, for the people.

*Bell, Simmons, Gragg & Coon,* for defendant.

LESINSKI, C. J.   Defendant was convicted in the circuit court for the county of Wayne on September 20, 1966, for possession of narcotics, CLS 1961, § 335.153 (Stat Ann 1957 Rev § 18.1123).   Defendant waived jury trial and during the trial moved to suppress seized evidence claiming an illegal search and seizure.   Defendant's motion was denied on the merits and he was convicted and sentenced.

Defendant, on appeal, raises, among others, the issue of the admissibility in evidence of people's exhibit #2, a certain marihuana cigarette, seized after an arrest for a traffic violation.

Before trial commenced, the prosecutor and the attorney for the defendant agreed and the court approved, that a motion to test the admissibility of certain proposed exhibits would be taken up at the time they were offered into evidence.

Under the record made in this cause, the admissibility into evidence of people's exhibit #2 cannot be sustained unless the arrest of the defendant, without warrant, and the search and seizure that followed, did not violate defendant's constitutional rights.

Upon making the challenge to the admissibility of exhibit #2, counsel requested that defendant be allowed to take the stand for the limited purpose of testifying concerning the facts surrounding his arrest.   The trial court denied the request of the defense.

The trial court improperly denied the request of the defense as the challenge to the admissibility of the evidence was made on constitutional grounds. The right to a separate evidentiary hearing when an attack on the admissibility of evidence is made on constitutional grounds was pronounced by the United States Supreme Court in *Jackson* v. *Denno* (1964), 378 US 368 (84 S Ct 1774, 12 L Ed 2d 908, 1 ALR3d 1205), and recognized in Michigan in *People* v. *Walker* (On Rehearing, 1965), 374 Mich 331. *Walker* involved the admissibility into evidence of an allegedly involuntary confession.

More recently, the United States Supreme Court ruled that the testimony of a defendant in support of a motion to suppress evidence on Fourth Amendment[1] grounds may not thereafter be admitted against him at trial on the issue of guilt. *Simmons* v. *United States* (1968), 390 US 377 (88 S Ct 967, 19 L Ed 2d 1247). The basis of the Supreme Court's ruling was that otherwise the defendant would be put to the choice of asserting his Fourth Amendment claim or exercising his Fifth Amendment[2] privilege against self-incrimination. The Court reasoned: "In these circumstances, we find it intolerable that one constitutional right should have to be surrendered in order to assert another." Since both the Fourth Amendment and Fifth Amendment have been made applicable to the states through the Fourteenth Amendment,[3] Federal standards here govern and the holding in *Simmons* v. *United States, supra,* is binding on us.

The defendant had a right to have an evidentiary hearing on his motion. The defendant has this right in every case, jury or nonjury, if such a hearing is requested. Upon such a hearing, the defend-

---

[1] US Const, Am 4
[2] US Const, Am 5
[3] US Const, Am 14

ant has the right to limit waiver of his privilege against self-incrimination. The defendant has the right to take the stand on the understanding that his doing so is not a general waiver to his right not to take the stand at all.

This cause is remanded to the jurisdiction of the trial court for purposes of holding an evidentiary hearing to determine upon a separate record the issue of the admissibility of people's ·exhibit #2. At this hearing the defendant shall be permitted to take the stand and testify for the limited purpose of making a record of his version of the facts and circumstances under which his arrest and the search and seizure of people's exhibit #2 was made. We hold further that by so doing, defendant does not waive his right to decline to take the stand and testify if a retrial for any reason is ordered. Neither does he waive any of the other rights stemming from his choice not to testify.

If the trial court on the basis of the separate hearing and record made, determines that people's exhibit #2 was not admissible in evidence, the trial court shall set aside the conviction and acquit the defendant. If the trial court determines that people's exhibit #2 was properly admitted in evidence, defendant will have had a trial affording him constitutional due process.

This Court retains no further jurisdiction in this cause. An appeal to this Court from the finding of the trial court made upon this hearing may be had only upon leave granted.

Remanded to the trial court for further proceedings directed herein.

LEVIN and ANDREWS, JJ., concurred.