PEOPLE v. CRAWFORD

1. CRIMINAL LAW—DUE PROCESS—ASSISTANCE OF COUNSEL—ADE-
QUACY.

    Defendant's claim that he was deprived of the effective assist-
ance of counsel by the remark of his counsel to the court that
the defense could not prove an alibi because it was unknown
where defendant was at the approximate time the crime was
committed *held* without merit where the defense of alibi was
never properly pleaded and therefore cannot properly be re-
garded as part of the defense, and there is no allegation of
incompetence for failure to plead alibi as a defense (CL 1948,
§ 768.20).

2. CRIMINAL LAW—DUE PROCESS—ASSISTANCE OF COUNSEL—ADE-
QUACY.

    A conviction will not be reversed because of ineffective assist-
ance of counsel unless counsel's lack of diligence or compe-
tence reduced the trial to a farce or sham, or counsel's failure
to investigate all possible defenses resulted in withdrawing
a crucial defense from the case.

3. CRIMINAL LAW—DUE PROCESS—ASSISTANCE OF COUNSEL—ATTOR-
NEY-CLIENT PRIVILEGE.

    Defense counsel's reference during his opening statement to
"the story that [defendant] tells me" *held* not to violate the
attorney-client privilege.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 21 Am Jur 2d, Criminal Law § 315.

Incompetency of counsel chosen by accused as affecting validity
of conviction. 74 ALR2d 1390.

Incompetency, negligence, illness or the like of counsel as ground
for new trial or reversal in criminal case. 24 ALR 1025, 64 ALR
436.

[3] 58 Am Jur, Witnesses § 460 *et seq.*

[4] 5 Am Jur 2d, Arrest § 73.

4. CRIMINAL LAW — DUE PROCESS — ARREST — PROBABLE CAUSE —
   SEARCH AND SEIZURE — ARMED ROBBERY.
   Arrest of defendant 1/2 hour after a robbery took place, within
   3 blocks of the scene, in response to a radio report giving a
   description which fitted defendant *held*, to have been based
   on probable cause; therefore items taken from the taxi in
   which defendant was riding at the time of his arrest were
   not the fruits of an illegal search and defendant was not de-
   prived of adequate representation by the failure of his attorney
   to object to their introduction in evidence at his trial.

Appeal from Recorder's Court of Detroit, Vincent
J. Brennan, J.   Submitted Division 1 December 9,
1968, at Detroit.   (Docket No. 4,678.)   Decided Feb-
ruary 25, 1969.   Leave to appeal denied May 13,
1969.   See 382 Mich 752.

Eugene Crawford was convicted of robbery armed.
Defendant appeals.   Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Samuel J. Torina,* Chief Ap-
pellate Lawyer, and *Angelo A. Pentolino,* Assistant
Prosecuting Attorney, for the people.

*John C. Emery, Jr.,* and *Carl Levin* and *George G
Matish* (Legal Aid and Defender Association of
Detroit), for defendant.

BEFORE: McGREGOR, P. J., and FITZGERALD and
CYNAR,* JJ.

FITZGERALD, J.   Defendant was charged with com-
mitting a robbery at a Detroit A & P store at ap-
proximately 4 p.m. on March 28, 1967.   The com-
plaining witness, a checkout cashier, testified that

---

* Circuit Judge, sitting on the Court of Appeals by assignment.

she had observed the defendant in the store for about a half hour before he appeared in the line to pay for some cat food. Simultaneously, he demanded money, and according to complainant, "he had a small gun in his hand." She gave him $125 and notified police after he departed.

The defendant was picked up by 2 patrolmen when they stopped a taxicab in which he was riding about 3 blocks from the store. A "starter" pistol was confiscated from the floor of the cab at the time of arrest as was $32 in cash.

A charge of robbery armed[1] was lodged against defendant. He waived trial by jury and was tried in the recorder's court of the city of Detroit and found guilty.

On appeal, several issues are raised, chief of which is an allegation that defendant was deprived of the effective assistance of counsel when his court appointed attorney undermined his defense of alibi during the opening statement. Specifically, the statement was as follows:

"*Mr. Ward:* May it please the court, our defense in this matter will be a general denial. It borders on the verge of an alibi, *but we cannot prove definitely just where the defendant was.*

"*The Court:* Do the people rest at this time?

"*Mr. Hayes:* Yes, your Honor, the people have rested.

"*Mr. Ward: We cannot prove an alibi, because we do not know definitely where the defendant was at the approximate time of this hold-up.*

"*The story that he tells me* is that he was in the general neighborhood; he lives there. That he was at several places, and he ended up at the home of a Mrs. Doris Evans at 3438 Garfield.

"*So since it was such a wide divergence in the time of the hold-up and the time of the different places*

---

1 CLS 1961, § 750.529 (Stat Ann 1969 Cum Supp § 28.797).

*where this defendant was, I can't say—I could say*
*with any degree of certainty where he was.   So that*
*the only defense that I have is his general denial."*
(Emphasis supplied.)

It is now contended that this statement "in effect
blotted out the essence of a substantial defense",
quoting *Bruce* v. *United States* (1967), 126 App DC
336 (379 F2d 113, 117).   With this argument we are
not impressed.   The hard fact remains that despite
the testimony of defendant when he took the stand,
the defense of alibi was not properly pleaded (by
filing of notice)[2] and as such cannot be considered a
part of the defense *per se*.   No allegation of incom-
petence for failure to plead alibi is raised on appeal.
The case of *People* v. *Foster* (1966) 377 Mich 233,
furnished little support for defendant, being based
as it is on a holding that a trial judge is burdened
with the duty to supervise the work of court-appoint-
ed counsel so as to "insure reasonable competence" of
such counsel.   That the trial court was satisfied with
the defense's presentation and that defendant at the
time held his attorney blameless is borne out by the
following colloquy at time of sentence:

*"The Court:* Do you have anything to say, Mr.
Crawford?

*"The Defendant:* Yes, sir, your Honor.   I have
never committed a crime of violence in my life, and
this trial—I'm not guilty of this crime; I'm not blam-
ing my attorney, but some of the facts in this case
were not brought before this court, because I had
certain things, as to the time of my whereabouts were
not brought out correctly.

*"The Court:* Well, I recall this matter, and I do
recall in fact that your attorney did an excellent
job.

---

2 CL 1948, § 768.20 (Stat Ann 1954 Rev § 28.1043).

"You have, as Mr. Ward and I will explain to you, a review right; appeal right in this matter, in other words.

"In my estimation, after reviewing this case quite thoroughly, the matter was handled very diligently, and you were convicted because, in the estimation of this court, because you were guilty. The charges were presented to the court, and they were proven beyond a reasonable doubt."

Chief among cases in the area of competence of counsel is *People* v. *Ibarra* (1963), 60 Cal 2d 460 (34 Cal Rptr 863, 386 P2d 487), in which a test is suggested in the words, "It must appear that counsel's lack of diligence or competence reduced the trial to a 'farce or a sham.'" The case further suggests that counsel must investigate all defenses of fact and law that may be available to the defendant, and if his failure to do so results in withdrawing a crucial defense from the case, the defendant has not had the assistance he is entitled to. The instant record does not support a finding that either "farce or sham" or "withdrawing a crucial defense" occurred here.

A further related allegation on appeal is that the opening statement also violated the lawyer-client privilege by the defense counsel's reference to "the story that he [defendant] tells me". While, *arguendo,* the phrase might be construed as blurting out a confidence, the fact remains that any advocate has no more to work on factually than his client "tells him" and, indeed, would be overreaching to inject or manufacture a defense that the facts as related do not bear out. The specific verbiage, while perhaps ill-taken, does not suggest prejudicial error.

Other issues raised on appeal relate to admission of evidence and failure of defense counsel to object to leading questions. While the complaining witness did not specifically identify the gun and money

as those involved in the hold-up, these pieces of evidence were identified as being in the taxicab at the time of defendant's arrest. We cannot hold that they were the fruits of an illegal search and seizure. Testimony bears out fully that the arrest, taking place as it did about a half hour after the hold-up, less than 3 blocks from the scene, in response to a radio report, was based on probable cause and is legal. The admission of the gun and money appears to have been well founded and failure to object thereto, either in advance or at trial, does not cause reversible error, nor does the failure to object to leading questions.

The final contention relating to admission of testimony about the show-up in which defendant was identified is deemed not well-taken. See *United States* v. *Wade* (1967), 388 US 218 (87 S Ct 1926, 18 L Ed 2d 1149), and *Stovall* v. *Denno* (1967), 388 US 293 (87 S Ct 1967, 18 L Ed 2d 1199).

Affirmed.

All concurred.