## PEOPLE v. DOVERSPIKE.

1. CRIMINAL LAW—CONSTITUTIONAL RIGHTS—PROSPECTIVE APPLICA-TION OF UNITED STATES SUPREME COURT DECISIONS.

> Constitutional doctrines, clearly foreshadowed and anticipated by the United States Supreme Court ruling that statements elicited by the police during interrogation may not be used against an accused at a criminal trial where the criminal investigation has begun to focus on a particular suspect, the suspect has been taken into custody, the police carry out a process of interrogation that lends itself to eliciting incriminating statements, the suspect has requested and has been denied an opportunity to consult with his lawyer, and the police have not effectively warned him of his constitutional right to remain silent, are to be applied prospectively, as is the subsequent holding of that Court that a person accused of crime must be informed of his right to counsel and that any statement made by him may be used against him; hence, where a case is started after the former ruling but does not involve an issue within the precise holding of that case and is started before the latter ruling is rendered, neither of the United States Supreme Court decisions may be used as a basis for reversal for failure to advise a criminal defendant of his rights during interrogation.

2. SAME—VOLUNTARINESS OF CONFESSION—MOTION TO SUPPRESS—REQUIRED PROCEDURE.

> Hearing by trial court on motion to suppress defendant's confession before trial, in which the judge permitted admission of evidence pertaining to confession at trial but left determination of its voluntary character to the jury, was not the equivalent

---

* Continued from volume 381 Mich.

REFERENCES FOR POINTS IN HEADNOTES

[1] 29 Am Jur 2d, Evidence § 555 et seq.
[2–6] 29 Am Jur 2d, Evidence § 582 et seq.

of the hearing required by present procedural case law at which the trial judge must determine whether the confession is voluntary.

3. SAME—VOLUNTARINESS OF CONFESSION—CIRCUIT JUDGE—RIGHT TO JURY TRIAL.

Contention by a criminal defendant that the remand by the Court of Appeals for circuit judge determination of the voluntariness of the confession deprives defendant of his constitutionally guaranteed right of jury decision on that question cannot be sustained on appeal in view of the State Supreme Court's prior approval of that procedure.

4. APPEAL AND ERROR—CRIMINAL LAW—DEFENDANT'S STATE OF MIND—RESTRICTION OF DEFENSE COUNSEL—RECORD.

Defendant's contention that the trial court erred in restricting defense counsel's opening statement and testimony of defendant as to defendant's state of mind at the time of the offense will not be grounds for reversal on appeal and grant of new trial where the record does not support defendant's contention but, to the contrary, shows the trial court allowed great latitude.

5. CRIMINAL LAW—REMAND—EVIDENCE—VOLUNTARINESS OF CONFESSION—WAIVER.

Defendant convicted of manslaughter who has been permitted limited new trial on separate record for purpose of determining voluntary character of confession admitted in evidence at the main trial would be permitted to testify for the limited purpose of making a record of his version of facts and circumstances surrounding his confession without waiving his right to decline to testify at the trial in chief or to any other rights stemming from his choice not to testify (CL 1948, § 750.329).

6. SAME—REMAND—DETERMINATION OF VOLUNTARINESS.

Jury determination that defendant was guilty of manslaughter in intentionally pointing a gun at a person and unintentionally shooting him, in which a confession was admitted at trial without preliminary and separate determination by trial judge that the confession was voluntarily made, is properly remanded for trial court determination of the limited issue of whether the confession was voluntary, with a new trial only if it be found that the confession had been involuntary (CL 1948, § 750.329).

Appeal from Court of Appeals, Division 3, Holbrook, P. J., and Fitzgerald and J. H. Gillis, JJ., remanding to Ontonagon, Wright (Robert H.), J. Submitted November 2, 1968. (Calendar No. 2, Docket No. 51,653–1/2.) Decided May 5, 1969.

5 Mich App 181, affirmed.

Gale Martin Doverspike was convicted of manslaughter. Defendant appealed to the Court of Appeals. Remanded for determination of voluntariness of confession on a separate record with new trial granted if confession is determined to have been made involuntarily, otherwise affirmed. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Allen R. Briggs,* Prosecuting Attorney, for the people.

*Wisti, Jaaskelainen & Schrock,* for defendant.

Dethmers, J. In September of 1964 defendant was tried before a jury in the Ontonagon county circuit court and convicted by verdict on September 14th of the crime of manslaughter.* On appeal to the Court of Appeals defendant urged 5 alleged grounds of error for a new trial. The Court of Appeals held against defendant on 4 but remanded to the circuit court for a Walker-type hearing, as provided in *People* v. *Walker* (on rehearing, 1965), 374 Mich 331, and determination by the circuit judge of one issue only, that of the voluntariness of defendant's confession which had been admitted into evidence as a people's exhibit on trial.

---

* CL 1948, § 750.329 (Stat Ann 1954 Rev § 28.561).—Reporter.

From the Court of Appeals decision leave was granted to defendant to appeal to this Court, restricted, however, to 3 issues as follows:

"(1) Should new trial be granted because of the claim that defendant was not advised of his rights and his right to counsel during the period of interrogation?

"(2) Did the Court of Appeals err in remanding the case for a determination of voluntariness of the confession by a judge rather than by a jury?

"(3) Did the trial court err in allegedly restricting the opening statement of defendant's counsel and the testimony of defendant as to defendant's state of mind at the time of the offense?"

This case and the first and second issues are naturally related to the questions in *Escobedo* v. *Illinois* (1964), 378 US 478 (84 S Ct 1758, 12 L Ed 2d 977), and *Miranda* v. *Arizona* (1966), 384 US 436 (86 S Ct 1602, 16 L Ed 2d 694, 10 ALR3d 974). What "the precise holding" was in *Escobedo,* that *Miranda* laid down additional guidelines for situations not presented by the *Escobedo* case, and that both are to be applied prospectively only to persons whose trials began after the dates that decisions were handed down in those 2 cases respectively, is clearly stated in the opinion written for the court by Mr. Chief Justice Warren in *Johnson* v. *New Jersey* (1966), 384 US 719 (86 S Ct 1772, 16 L Ed 2d 882), as follows:

"Apart from its broad implications, the precise holding of *Escobedo* was that statements elicited by the police during an interrogation may not be used against the accused at a criminal trial,

" '[where] the investigation is no longer a general inquiry into an unsolved crime but has begun to focus on a particular suspect, the suspect has been taken into police custody, the police carry out a process of interrogations that lends itself to elicit-

ing incriminating statements, the suspect has requested and been denied an opportunity to consult with his lawyer, and the police have not effectively warned him of his absolute constitutional right to remain silent.   *   *   *)"   378 US, at 490, 491 (84 S Ct at 1765 [12 L Ed 2d at 986]).

Because *Escobedo* is to be applied prospectively, this holding is available only to persons whose trials began after June 22, 1964, the date on which *Escobedo* was decided.

"As for the standards laid down one week ago in *Miranda,* if we were persuaded that they had been fully anticipated by the holding in *Escobedo,* we would measure their prospectivity from the same date.   Defendants still to be tried at that time would be entitled to strict observance of constitutional doctrines already clearly foreshadowed.   The disagreements among other courts concerning the implications of *Escobedo,* however, have impelled us to lay down additional guidelines for situations not presented by that case.   This we have done in *Miranda,* and these guidelines are therefore available only to persons whose trials had not begun as of June 13, 1966.   See *Tehan* v. *Shott* (1966), 382 US at 409, n. 3 (86 S Ct at 461, 15 L Ed 2d 455), in relation to *Malloy* v. *Hogan* (1964), 378 US 1 (84 S Ct 1489, 12 L Ed 2d 653), and *Griffin* v. *California* (1965), 380 US 609 (85 S Ct 1229, 14 L Ed 2d 106)."

Accordingly, *Miranda* is not to be applied to this case in which trial began in September of 1964, before decision in *Miranda.*

As for application of the *Escobedo* decision, there is nothing in the record in the instant case to bring it within the "precise holding" of *Escobedo* as set forth in *Johnson,* namely, "the suspect has requested and been denied an opportunity to consult with his lawyer".   *Escobedo* does not, therefore, require reversal on this appeal and remand for new trial.

The Court of Appeals rejected the people's contention that the hearing on a motion for suppression of the alleged confession constituted the equivalent of a *Walker* hearing, holding that it merely permitted the admission of the evidence pertaining to the confession but left the determination of the voluntariness of the confession to the jury which was trying his guilt or innocence. This, said the Court of Appeals, violated the rule laid down in *Walker*. That Court went on to say that in fairness to the trial judge it was to be noted that in *Walker* the decision had not been handed down at the time of trial of the case at bar.

Defendant contends that he is entitled to jury trial in a criminal case, and that the Court of Appeals remand for circuit judge determination, as provided in *Walker*, of the voluntariness of the confession deprives him of his constitutionally guaranteed right of jury decision of that question also. Accordingly, defendant requests that we reconsider *Walker* and modify the rule laid down therein.

Re-examination of our opinion and decision in *Walker* does not persuade us that it should be changed. In this view we are supported by the opinion and decision of the United States Supreme Court in *Jackson* v. *Denno* (1964), 378 US 368 (84 S Ct 1774, 12 L Ed 2d 908).

An examination of the pertinent portions of the appendix relating to defendant counsel's opening statement and defendant's testimony discloses that the defense was not restricted as to a showing of defendant's state of mind at the time of the offense. On the contrary, great latitude was allowed in that connection and no grounds for reversal and grant of new trial for this reason are presented by the record.

In its opinion for order of remand the Court of Appeals wrote:

"We therefore, as in *Walker, supra,* release our jurisdiction of the cause and direct the circuit court to assume jurisdiction to make a determination upon a separate record of the issue of voluntariness of the confession only. At this hearing, the defendant may take the stand and testify for the limited purpose of making a record of his version of the facts and circumstances under which the confession was obtained. By so doing, defendant does not waive his right to decline to take the stand on trial in chief, if retrial is ordered. Neither does he waive any of the other rights stemming from his choice not to testify.

"If the trial judge, on the basis of the separate hearing and record made, determines that the confession was involuntarily given defendant will thereupon be granted a new trial. If he determines the confession to have been voluntarily given and thus admissible in evidence, defendant will have had a trial affording him constitutional due process.

"Accordingly, the case is remanded to the circuit court for the further proceedings herein directed."

Order of the Court of Appeals is affirmed.

T. E. BRENNAN, C. J., and KELLY, BLACK, T. M. KAVANAGH, and ADAMS, JJ., concurred.

T. G. KAVANAGH, J., took no part in the decision of this case.