PEOPLE *v.* COPE

OPINION OF THE COURT

1. ARREST—VALIDITY—ABSENCE OF WARRANT.

Arrest without warrant for assault *held,* valid and reasonable where arresting officers knew of the shooting involved, had received information from other officers who had seen defendant in the area of the shooting and recorded the license number of his car, had traced the license number to defendant and had a witness' description of the car from which the shots were fired that fit defendant's car.

2. SEARCHES AND SEIZURES—ABSENCE OF WARRANT—WAIVER.

Defendant's claim that the testimony of the arresting officer as to a gun found in his home during a search should be suppressed as evidence *held,* not valid where defendant, without coercion, waived the issuance of a search warrant and by consent permitted the search of his premises after being informed that the officers were looking for a gun.

3. ASSAULT AND BATTERY—INJURIES—TESTIMONY.

Testimony by complaining witness as to the extent of her injuries is properly admissible to show the aggravated nature of the assault in a prosecution for assault with intent to do great bodily harm less than murder.

OPINION CONCURRING IN PART AND DISSENTING IN PART

LEVIN, J.

4. CONSTITUTIONAL LAW—CRIMINAL LAW—DUE PROCESS—EVIDENCE —ADMISSIBILITY—SEARCH AND SEIZURE.

*Due process requires that all parties in a criminal prosecution have the right to be heard at an evidentiary hearing to determine the validity of an arrest, search and seizure without a warrant; it was erroneous and a denial of this constitutional*

---

REFERENCES FOR POINTS IN HEADNOTES

[1]  21 Am Jur 2d, Criminal Law §§ 3, 440.
  5 Am Jur 2d, Arrest §§ 27–29.
[2]  47 Am Jur, Searches and Seizures §§ 16, 71.
[3]  6 Am Jur 2d, Assault and Battery § 48.
[4]  29 Am Jur 2d, Evidence §§ 410–418, 425–426.
[5]  29 Am Jur 2d, Evidence §§ 425, 426.
[6]  29 Am Jur 2d, Evidence §§ 411, 412, 425.

*right for the trial court to deny defendant's motion to quash evidence seized by police after hearing only the people's witness, without allowing defendant to present evidence to support his motion and opposition to the people's proofs.*

5. EVIDENCE—CRIMINAL LAW—MOTION TO SUPPRESS—DISCRETION OF THE COURT.

*A motion to suppress evidence presents an issue to be decided by the court alone, who, in making its determination, must often resolve sharply disputed issues of fact by receiving testimony from both parties.*

6. CRIMINAL LAW — EVIDENCE — SELF-INCRIMINATION — PRIVILEGE — WAIVER.

*A criminal defendant has the right to testify on the issue of admissibility of evidence that was allegedly the subject of an improper search and seizure without waiving his privilege against self-incrimination, and a ruling barring defendant from testifying at the evidentiary hearing and stipulating that any further evidence on the admissibility factor would have to be presented at trial, without clarification, could be taken to mean that if defendant wished to be heard, he must take the stand and waive his privilege against self-incrimination.*

Appeal from Recorder's Court of Detroit, Vincent J. Brennan, J. Submitted Division 1 May 13, 1969, at Detroit. (Docket No. 4,286.) Decided June 25, 1969. Rehearing denied August 5, 1969. Leave to appeal granted. Court of Appeals decision reversed and case remanded to Recorder's Court with instructions December 31, 1969. See 383 Mich 757.

Randell Cope was convicted of assault with intent to do great bodily harm less than murder. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Angelo A. Pentolino,* Assistant Prosecuting Attorney, for the people.

*Owen J. Galligan,* for defendant on appeal.

Before: Fitzgerald, P. J., and Levin and T. M. Burns, JJ.

Fitzgerald, P. J. Defendant was convicted of assault with intent to do great bodily harm less than murder[1] and sentenced to prison. On appeal, he presents three claims of error.

First, and most substantial, is the question of whether there was a valid arrest of defendant so as to permit a reasonable search of his apartment incident to the arrest.

A brief review of the events will detail the information available to the authorities before the arrest:

(1) Defendant's car, a 1965 dark colored Plymouth, was investigated at about 8:30 p.m. on August 14, 1965, by the Detroit police who were checking the ages of persons seen drinking.

(2) The police recorded the license number of the vehicle.

(3) The same automobile was seen parked in the same spot approximately one hour later (9:30 p.m.).

(4) The police saw the same Plymouth parked in a lot at the intersection of Evergreen and Warren in the vicinity of Rouge Park at approximately 12:30 a.m. of August 15, 1965.

(5) Charlestta Henderson was shot at 1:40 a.m. of August 15, 1965, in Rouge Park.

(6) A witness to the shooting described the automobile from which the shooting came as a "late model Plymouth."

(7) No other automobile of similar description was seen or checked by the police during that time.

(8) Defendant's name was obtained by tracing the license number through vehicle registration.

Based on the above, defendant was arrested. He agreed to a search of his premises. A gun was

---

[1] MCLA § 750.84 (Stat Ann 1962 Rev § 28.279).

found in a refrigerator freezer which was later identified as the weapon involved in the shooting.

The question, therefore, is whether the arrest was valid. This Court, in *People* v. *Wolfe* (1967), 5 Mich App 543, set out guidelines regarding arrests:

"It is the function of the court to determine whether the facts available to the officers at the moment of the arrest would justify 'a man of reasonable caution in the belief' that an offense has been committed, in order to determine whether there has been a valid arrest without a warrant."

Thus,

"An officer must reasonably believe and not merely suspect that the person arrested has committed a felony before the officer may make an arrest without a warrant."

The facts recited above created more than mere suspicion. These facts would create a reasonable belief in a man of reasonable prudence that defendant had in fact committed the crime. See *People* v. *Crawford* (1969), 16 Mich App 92.

Second, defendant assigns error to the trial court's refusal to permit him to present testimony at the pretrial hearing on the invalid search and arrest.

The hearing on the motion to suppress consisted of the testimony of the arresting officer. He testified that he was admitted to defendant's apartment and allowed to search the premises without any threats or any other deceitful or artful measures. He further stated that he asked defendant if they could search for a gun and defendant said, "Yes, go ahead." Subsequently the revolver was found.

Defendant's objection is that he was not allowed to testify in his own behalf. It is clear that defend-

ant had a complete right of cross-examination of arresting officer Evans. The only thing that defendant could have possibly said was that he did not give the police permission to search. One may waive the issuance of a search warrant and by consent permit the search of his premises. *People* v. *Weaver* (1928), 241 Mich 616, and this is clearly what defendant elected to do.

The third matter on appeal relates to incidents during the trial. Defendant claims that allowing the complaining witness to testify as to the seriousness of her injuries was prejudicial. The case of *People* v. *Sutherland* (1895), 104 Mich 468, which allows such testimony to show the aggravated nature of an assault is directly on point and dispositive of this issue.

Other objections and portions of the prosecution's closing argument relating to specific questions have been examined and deemed not prejudicial.

Affirmed.

T. M. Burns, J., concurred.

Levin, J. *(concurring in part and dissenting in part).* Procedural due process requires, perhaps above all else, that before a binding decision is made, all affected parties must be given an opportunity to be heard. The defendant Cope was denied this fundamental constitutional right when the trial judge denied his motion to quash evidence seized by the police without allowing him to present evidence in support of his motion and in opposition to the people's proofs.

The evidence, a gun, was obtained by the police in defendant's apartment contemporaneously with his arrest. The people's witness, a police officer, testified for several hours and was cross-examined

by defendant's counsel.  While the people contend that there was probable cause for a warrantless arrest and the gun was validly seized as an incident to that arrest, they concede that the adequacy of the cause is arguable and rely as well on the defendant's alleged consent to enter and search his apartment.

The defendant's motion to quash denied both that the police had probable cause to arrest him without a warrant and that he consented to a search. The facts preceding the arrest, as testified to by the police officer, were not admitted by the defendant.  There is also a dispute as to whether the defendant was arrested when the police entered the apartment or after the gun was found.

A motion to suppress presents an issue to be decided by the judge alone.  *Cf. People* v. *Ferguson* (1965), 376 Mich 90; *People* v. *Doverspike* (1969), 382 Mich 1.  In order to decide that issue he must often resolve sharply disputed questions of fact. Manifestly, a defendant has the right to present his version of the facts and to contradict or explain the testimony offered by the people.  Clearly, the trial judge erred in closing the suppression hearing and ruling the gun admissible after hearing only the people's witness.[1]

When the defendant's counsel protested, the trial judge reiterated his ruling.  Then counsel for a co-defendant protested and in response the judge said that if anything came out at the trial which changed his mind he would declare a mistrial.

The defendant offered no evidence at the trial either on admissibility of the gun or on the issue

---

[1] See *State* v. *Pike* (1968), 273 NC 102 (159 SE2d 334), which presents the identical factual situation.  There also the court heard a State's witness but erroneously refused to hear the defendant. See, also, *Jackson* v. *United States* (1964), 117 App DC 325 (336 F2d 580).

of guilt. The admissibility of the gun was not in issue at the trial, having been decided at the suppression hearing. The defendant had no obligation to put in evidence at the trial on the nonissue of admissibility of the gun in order to preserve his objection to the trial judge's ruling denying him the opportunity to put in proofs at the suppression hearing.

Furthermore, the defendant had the right to testify on the admissibility issue without testifying before the jury or waiving his right not to testify at the trial. He should not have been put in a position of choosing between these rights:

"A separate hearing also enables the defendant to testify on the collateral issue of suppression without waiving his privilege against self-incrimination on the merits of the charge or creating the possibility, if he were to testify on the suppression issue before the jury but stand mute on the merits of the charge, that the jury would draw the prohibited adverse inference from his conduct." *United States v. Blalock* (ED Pa, 1966), 253 F Supp 860, 862, 863.[2]

I would remand for a complete evidentiary hearing on the admissibility of the gun. Upon such a hearing, if the gun is found to be inadmissible, the defendant would be entitled to a new trial. If the gun is found to be admissible, then his conviction should be deemed affirmed as I agree with the majority that the other alleged errors do not justify a new trial.

---

[2] The trial judge's ruling clearly barred further evidence on the issue of admissibility except at the trial. That ruling, absent a contrary expression of the judge, could justifiably be understood by the defendant to mean that if he wished to be heard he must take the stand before the jury and possibly waive his right not to incriminate himself as well. *Cf. People* v. *Wiejecha* (1968), 14 Mich App 486; *Cabbiness* v. *State* (1967), 241 Ark 898 (410 SW2d 867).