PEOPLE *v.* WADDY

1. CRIMINAL LAW—EVIDENCE—ADMISSIBILITY—ILLEGAL SEIZURE—JOINT TRIAL.

   Evidence illegally seized from a codefendant is inadmissible against the defendant where the defendant and codefendant are tried together.

2. CRIMINAL LAW—EVIDENCE—ADMISSIBILITY—ILLEGAL SEIZURE—JOINT TRIAL.

   An evidentiary hearing must be held to determine the admissibility in the defendant's trial of a gun seized from a codefendant without either a search warrant or an arrest warrant where the defendant and the codefendant were tried together.

Appeal from Recorder's Court of Detroit, Vincent J. Brennan, J. Submitted Division 1 May 11, 1970, at Detroit. (Docket No. 7,087.) Decided July 28, 1970.

John Waddy, Jr., was convicted of assault with intent to do great bodily harm less than murder. Defendant appeals. Remanded for evidentiary hearing.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 29 Am Jur 2d, Evidence § 424.

Modern status of rule governing admissibility of evidence obtained by unlawful search and seizure. 50 ALR2d 531.

Interest in property as requisite of accused's standing to raise question of constitutionality of search and seizure. 4 L Ed 2d 1999.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Angelo A. Pentolino,* Assistant Prosecuting Attorney, for the people.

*Michael D. Scallen,* for defendant on appeal.

Before: R. B. BURNS, P. J., and LEVIN and CHURCHILL,* JJ.

R. B. BURNS, P. J. Defendant and his codefendant, Randell Cope, were convicted by a jury of assault with intent to do great bodily harm less than murder. MCLA § 750.84 (Stat Ann 1962 Rev § 28.279).

While investigating the shooting of one 'Charlestta Henderson, police officers went to the apartment of Randell Cope and seized a revolver. The officers did not have a warrant for Cope's arrest nor a search warrant to search his apartment. Defense counsel moved to suppress the use of the revolver in evidence. Neither defendant was permitted to submit testimony at the hearing and the motion was denied. Although the defendants were jointly tried they have prosecuted separate appeals. *People* v. *Cope,* (1969), 18 Mich App 14, affirmed Cope's conviction, Judge LEVIN concurring in part and dissenting in part.

December 31, 1969, the Michigan Supreme Court entered an order as follows:

"On order of the Court, the application by defendant and appellant for leave to appeal is considered, and the same is Granted.

"The Court on its own motion orders the decision of the Court of Appeals reversed with remand by that Court to the Recorder's Court for the city of

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Detroit. The Recorder's Court will hold a complete evidentiary hearing on the admissibility of the gun. Upon such a hearing, if the gun is found to be inadmissible, the defendant would be entitled to a new trial. If the gun is properly found to be admissible, his conviction shall be deemed affirmed.

"This order entered December 31, 1969, pursuant to GCR 1963, 853.2(4)." See *People* v. *Cope* (1969), 383 Mich 757.

*McDonald* v. *United States* (1948), 335 US 451 (69 S Ct 191, 93 L Ed 153) held that in a joint trial of McDonald and Washington, evidence seized illegally in a room rented by McDonald could not be used against his codefendant Washington.

We remand the present case to the trial court for an evidentiary hearing complying with the Supreme Court's order in *People* v. *Cope, supra*.

All concurred.