PEOPLE v. PISCUNERE

1. CRIMINAL LAW—IDENTIFICATION—PHOTOGRAPHS.

Use of photographs as a means of pre-lineup identification was proper where the felon was still at large, the witnesses had a good opportunity to observe him, the identification was made while the memories of the witnesses were still fresh, enough photographs were shown to the witnesses, the photographs did not single out the defendant, each witness was alone when shown the photographs, and the witnesses were not given any suggestive information or instructions before they made their identification.

2. CRIMINAL LAW — LINEUP — EVIDENTIARY HEARING — DEFENDANT TESTIFYING.

A defendant has a right to testify at an evidentiary hearing held to determine whether a lineup identification was tainted by a procedural defect so as to deprive him of due process.

3. CRIMINAL LAW—EVIDENCE—IDENTIFICATION—ADMISSIBILITY.

A defendant is entitled to a new trial where a lineup was not held in a manner consistent with the requirements of due process, unless the people establish that subsequent in-court identification had an independent origin and that testimony regarding the lineup identification was harmless beyond a reasonable doubt or that both the lineup identification and the in-court identification were harmless beyond a reasonable doubt.

4. CRIMINAL LAW—EVIDENCE—EXAMINATION BY COURT.

Trial judge's cross-examining the defendant's alibi witness was not error where the examination was limited in scope, material to the issue in the case, and did not communicate to the jury any opinion the trial court may have had regarding these matters.

REFERENCES FOR POINTS IN HEADNOTES

[1-3] 21 Am Jur 2d, Criminal Law § 368.
[4] 53 Am Jur, Trial § 75.

Appeal from Wayne, Thomas J. Foley, J.   Submitted Division 1 April 15, 1970, at Detroit.  (Docket No. 5,951.)   Decided August 24, 1970.

Louis Piscunere was convicted of armed robbery. Defendant appeals.   Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Angelo A. Pentolino,* Assistant Prosecuting Attorney, for the people.

*Walter A. Kurz,* for defendant.

Before: T. M. BURNS, P. J., and LEVIN and DAVIDSON,* JJ.

DAVIDSON, J.   The defendant was convicted by a jury of armed robbery.  MCLA § 750.529 (Stat Ann 1970 Cum Supp § 28.797).   He appeals to this court as a matter of right.

On August 28, 1967, between the hours of 1 and 2 p.m., a man entered the branch of the National Bank of Detroit in the city of Plymouth, approached one of the tellers, and handed her a note demanding money.  The man raised a newspaper he had in one of his hands and exposed a gun.  The teller handed the robber money which he stuffed into a paper bag; and, after he had left, she sounded the alarm.

In the course of the investigation of the robbery, 10 to 12 photographs from police files were shown to 3 bank employees, who identified the defendant as the person who had robbed the bank.   On the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

30th day of August 1967, at a police lineup in the Detroit Police Department headquarters building, the defendant was again identified as the person who had committed the robbery.

At trial, when the subject of the defendant's identification was raised, the court excused the jury and took testimony surrounding the use of the photographs and the lineup by which the defendant had been identified in order to determine whether or not in-court identification of the defendant would be permissible. The trial judge held that the in-court identification of the defendant would be permitted and that the photographic and lineup identification procedures were proper.

The defendant's first contention is that the photographic identification procedure was so unduly prejudicial as to fatally taint his conviction. In *Simmons* v. *United States* (1968), 390 US 377 (88 S Ct 967, 19 L Ed 2d 1247), the defendants were charged with armed robbery and snapshots of the defendants were shown to eyewitnesses while the robbers were at large. The Court scrutinized the identification procedure to determine whether or not, in light of the totality of the surrounding circumstances, the procedure was so unduly prejudicial as to fatally taint the conviction of defendant Simmons.

On the basis of *Simmons,* we conclude that the photographic identification procedure used in this case was proper. First, there was a necessity to use photographs because the bank robber was still at large. Second, the witnesses had a good opportunity to observe the robber. Third, the identification was made the day after the crime, while the memories of the witnesses were still fresh. Fourth, enough photographs were shown to the witnesses; there is no indication in the record that the photographs singled out the defendant. Fifth, each wit-

ness was alone when shown the photographs. Finally, the witnesses were not given any suggestive information or instructions before they made their identification of the defendant.

The defendant next attacks the lineup procedure. During the trial, the defendant moved for an evidentiary or *Walker*-type hearing concerning the procedure used at the lineup conducted two days after the bank robbery. The police officer who conducted the lineup testified concerning the procedures used and defense counsel was allowed extensive cross-examination. However, the trial court did not allow the defendant to take the stand during this evidentiary hearing.

In *People* v. *Cope* (1969), 18 Mich App 14, the defendant assigned error to the trial court's refusal to permit him to testify at the pretrial hearing on the alleged invalidity of a search and seizure. This Court affirmed the trial court's ruling. On appeal to our Supreme Court, the case was remanded to the trial court for a complete evidentiary hearing on the admissibility of the seized item. *People* v. *Cope* (1970), 383 Mich 757.

In this case, as in *Cope,* the trial judge was requested to rule upon an alleged violation of a constitutional right, concerning a disputed question of fact. With respect to the right of a defendant to present his version of the facts, we can perceive no difference between the search and seizure situation presented in *Cope* and the lineup identification situation presented in this case.

To the same effect, when the voluntariness of a confession is at issue, see *People* v. *Walker* (On Rehearing, 1965), 374 Mich 331; and when the facts surrounding an arrest are in issue, see *People* v. *Wiejecha* (1968), 14 Mich App 486.

Therefore, we conclude that the defendant had a right to testify regarding the procedures used at the lineup. We remand this cause to the jurisdiction of the trial court for purposes of holding a complete evidentiary hearing on the lineup identification. At this hearing, the defendant shall be permitted to take the stand and testify for the limited purpose of making a record of his version of the facts and circumstances regarding the lineup.

Upon such a hearing, if the trial court determines that the lineup was not held in a manner consistent with the requirements of due process, then the defendant would be entitled to a new trial, unless the people establish that the in-court identification had an independent origin and that the testimony regarding the lineup identification was harmless beyond a reasonable doubt or that both the lineup identification and in-court identification testimony were harmless beyond a reasonable doubt.

We have considered the other issues raised by the defendant and find them to be without merit. Particularly, we have carefully reviewed the record in this case with regard to the claim that the trial judge pierced the veil of judicial impartiality in his cross-examination of alibi witnesses. This questioning by the trial judge was limited in scope, material to the issues in the case, and did not communicate to the jury any opinion the trial judge may have had regarding these matters. Thus, the questioning was not error. See *People* v. *Bedsole* (1969), 15 Mich App 459.

Remanded to the trial court for further proceedings as directed above.

All concurred.