PEOPLE v. EDMONDS

1. Criminal Law—Illegal Identification—Evidentiary Hearing.
   Once a claim of illegal identification procedure is raised, the trial court must hold an evidentiary hearing outside the presence of the jury to determine the merits of the claim.

2. Criminal Law—In-Court Identification—Illegal Lineup—Tainted Identification.
   In-court identifications of the defendant as the armed robber was not tainted by an illegal lineup where the witnesses had been eyewitnesses to the robbery, had had an excellent, unobstructed view of defendant over a period of several minutes during the robbery and their identifications of the defendant were positive and unwavering.

Appeal from Wayne, John D. O'Hair, J. Submitted Division 1 March 4, 1971, at Detroit. (Docket No. 7624.) Decided March 30, 1971.

Matthew Edmonds was convicted of armed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Angelo A. Pentolino,* Assistant Prosecuting Attorney, for the people.

*Jeffrey Mallon,* for defendant on appeal.

References for Points in Headnotes
[1, 2] 29 Am Jur 2d, Evidence § 371 *et seq.*
   Admissibility of evidence as to extrajudicial or pretrial identification of accused. 71 ALR2d 449.

Before: V. J. BRENNAN, P. J., and QUINN and O'HARA,* JJ.

PER CURIAM. Defendant was convicted by a jury of robbery armed contrary to MCLA § 750.529 (Stat Ann 1971 Cum Supp § 28.797), and sentenced to serve 3 to 15 years in prison.

On appeal defendant alleges that his conviction was the result of tainted identification testimony admitted over his objection. It is complained that the use of "mug shots" by the police in order to discover the defendant's identity and the conducting of an informal lineup without providing the defendant with counsel rendered the in-court identification by the robbery victims inadmissible. The people in their brief candidly admit that the conduct of the lineup in the absence of an attorney was a violation of defendant's constitutional rights, but maintain that the error was harmless.

Once a claim of illegal identification is raised the court must hold an evidentiary hearing outside the presence of the jury to determine the merits of the claim. *People* v. *Hutton* (1970), 21 Mich App 312; *People* v. *Childers* (1969), 20 Mich App 639. In the present case the trial court held an extensive hearing covering five days and filling 600 pages in the record. At the end of the hearing, the court concluded that the photographic identification procedure was proper, since it was not so suggestive as to give rise to a substantial likelihood of irreparable misidentification. *Simmons* v. *United States* (1968), 390 US 377 (88 S Ct 967, 19 L Ed 2d 1247). The court further found that failure to provide defendant with an attorney at the lineup was a

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

violation of his right to counsel, *Wade* v. *United States* (1967), 388 US 218 (87 S Ct 1926, 18 L Ed 2d 1149), but that the people had shown by clear and convincing evidence that the in-court identification had an independent origin. We fully concur with the court's determination.

Both witnesses were eyewitnesses to the robbery. They had an excellent, unobstructed view of the defendant over a period of several minutes. Their identification of the defendant was positive and unwavering. Under these circumstances, we feel that the in-court identification was purged of any taint. See *Wong Sun* v. *United States* (1963), 371 US 471 (83 S Ct 407, 9 L Ed 2d 441).

Finally, the procedure used by the police with regard to the photographic identification was essentially identical to that approved by this court in *People* v. *Piscunere* (1970), 26 Mich App 52.

For the foregoing reasons, the judgment of conviction is affirmed.

Affirmed.