PEOPLE v. GRIMMETT

1. EVIDENCE—HEARSAY—RELEVANCY.
   Witness's testimony concerning a conversation between him and the defendant, which occurred at the time the defendant sold the witness the gun used in the crime of which the defendant was convicted, was admissible because (1) the fact that defendant owned and carried the gun was relevant (2) the testimony was not offered to prove the truth of the matter asserted, but to show an act, part of which was verbal, and (3) even if hearsay, the testimony is within the admissions exception.

REFERENCES FOR POINTS IN HEADNOTES
[1] 29 Am Jur 2d, Evidence § 493 *et seq.*
[2] 53 Am Jur, Trial § 132 *et seq.*
[3] 21 Am Jur 2d, Criminal Law § 241 *et seq.*
[4] 21 Am Jur 2d, Criminal Law § 165 *et seq.*

2. EVIDENCE—EXCLUSION—TRIAL COURT'S AUTHORITY.

The trial judge has the authority to exclude objectionable evidence on his own motion.

3. CRIMINAL LAW—SPEEDY TRIAL.

Commencement of the prosecution against the defendant for assault with intent to commit murder nearly six months after a mistrial had occurred in his trial for a murder, which occurred at the same time as the assault, was not violative of the defendant's constitutional rights.

4. CRIMINAL LAW—DOUBLE JEOPARDY.

Federal decisional rule relating to double jeopardy and collateral estoppel was not applicable where the defendant was first tried for murder and that trial resulted in a mistrial and the defendant was then tried and convicted of an assault with intent to commit murder, the assault having been made on a victim other than the one the defendant was alleged to have murdered but having been made during the same robbery, because (1) the assault conviction occurred before his conviction in the murder trial and (2) even if the murder trial which resulted in the mistrial was jeopardy, the mistrial was not based on findings inconsistent with guilt in the assault case.

Appeal from Recorder's Court of Detroit, Robert J. Colombo, J. Submitted Division 1 May 11, 1970, at Detroit. (Docket No. 7,630.) Decided October 29, 1970. Leave to appeal granted April 22, 1971. 384 Mich 833.

George Grimmett was convicted of assault with intent to commit murder. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Luvenia D. Dockett,* Assistant Prosecuting Attorney, for the people.

*Gittleman and Paskel,* for defendant on appeal.

Before: R. B. BURNS, P. J., and LEVIN and CHURCHILL,* JJ.

CHURCHILL, J. George Grimmett was convicted by jury trial of assaulting John Kubon with intent to commit the crime of murder[1] and is now serving a life sentence. The undisputed evidence disclosed that three men entered Shaker's Market, a small Detroit store, on December 22, 1968, with the apparent intent to commit robbery armed. One of the men had in his hand a .22 caliber revolver and told Kubon, a customer in the store, to turn around. Kubon did so and was rewarded for his compliance with a bullet in the back.

As one claim of error on appeal, defendant asserts that there was insufficient evidence to support a jury finding that he participated in the crime. Four witnesses identified him as the man with the gun. Subsequent to the shooting, the gun, which was identified by ballistics testimony as the gun used in the crime, was traced to Grimmett. A girl friend of Grimmett testified that Grimmett told her that he, Grimmett, had shot someone at a grocery store on Canfield, the street where the store was located. Grimmett testified and denied participation in the crime. He explained that another person had given him the gun after the shooting. The evidence was ample to warrant the jury's finding of Grimmett's guilt beyond a reasonable doubt.

Defendant now claims that he did not have effective and competent trial counsel. Far from being a sham or farce, defendant's trial was a vigorously contested adversary proceeding. There was nothing that trial counsel did or failed to do which supports defendant's claim. See *People* v. *Crawford* (1969),

---

* Circuit judge, sitting on the Court of Appeals by assignment.
[1] MCLA § 750.83 (Stat Ann 1962 Rev § 28.278).

16 Mich App 92, and *People* v. *Higginbotham* (1970), 21 Mich App 489.

The people called Clarence Johnson as a witness. He testified that at one time he had the gun in his possession and that it had disappeared from under his pillow. On cross-examination Johnson denied that he had sold the gun to Jimmie Lee and repeated his testimony that it had simply disappeared from under his pillow. On redirect examination Mr. LaBret, assistant prosecuting attorney, asked: "Mr. Johnson, isn't it true that you, in fact, gave this gun to George Grimmett, isn't that true?" The defense attorney objected, saying: "Your Honor, this is a prosecution witness. I don't know what Mr. LaBret is doing". The court said: "Well, I think under the circumstances, this is proper redirect examination".

On appeal defendant claims that the court improperly permitted the prosecution to lead its witness and also that the question was outside the scope of proper redirect examination. The objection was ambiguous. Viewed with hindsight, we conclude that defense counsel was objecting to a leading question and the court, misunderstanding the objection, ruled on it as it went to scope. The question was leading and the objection might better have been sustained. The witness, however, in response to the leading question did not follow the lead. To the contrary, he related the same story as to how he lost possession of the gun. There was other evidence that Grimmett obtained possession of the gun. Under these circumstances the error was not prejudicial.

The gun was obtained by the police from Jimmie Lee. Jimmie Lee was called by the people and testified that he purchased the gun from Grimmett two days after the shooting. Defendant claims on

appeal that the trial court erred in overruling defendant's objection to Lee's testimony concerning the conversation that occurred between Lee and Grimmett at the time Lee purchased the gun. Defendant raises both relevancy and hearsay objections to this evidence. As in *People* v. *Higgins* (1901), 127 Mich 291, the fact that Grimmett owned and carried the revolver was pertinent. Technically, the evidence of the conversation was not offered to prove the truth of the matter asserted and was not hearsay. It was, rather, evidence of an act, part of which was verbal. This distinction is not significant here, however, because if hearsay, it would fall under the admissions exception. The court did not err in overruling the objection to the conversation.

On direct examination of defendant, after development of defendant's testimonial version of the sale of the gun to Jimmie Lee, (from which it did not appear that Lee's aunt was present at the sale the record continues as follows:

"*Q.* (*By defense counsel*). All right. Did Jimmie Lee's aunt ever talk to you in the presence of Jimmie Lee about the gun?
"*A.* Yes, she did.
"*Q.* And what was that conversation?
"*The Court:* That's hearsay.
"*The Assistant Prosecuting Attorney:* Well—
"*Q.* (*By defense counsel*). Did you, in fact, ever return the twenty dollars to Jimmie Lee?"

It must be inferred that the conversation with the aunt occurred after completion of the sale and transfer of the gun by Grimmett to Jimmie Lee and that the conversation was not a part of the transaction. The trial court obviously concluded that defendant wanted to bring out the conversation as proof of matters asserted by the aunt or by him, or by both.

We uphold his conclusion that evidence of the conversation would be objectionable hearsay. Certainly the trial judge has the authority to exclude objectionable evidence on his own motion. He interfered very little with the conduct of trial by counsel. There was no error here.

Finally, defendant claims right to relief by reason of matters related to the timing of his prosecution and by reason of the relation of this case to another case. The calendar of significant events is as follows:

| | |
|---|---|
| December 22, 1966 | Shaker Aubrey and John Kubon shot at Shaker's Market—Aubrey died. |
| December 27, 1966 | complaint against Grimmett and others for murder of Aubrey |
| January 22, 1968 | jury trial in murder case commenced |
| January 24, 1968 | mistrial in murder trial by reason of confusion over degree of murder charged |
| July 30, 1968 | complaint against Grimmett and others in this case |
| December 17, 1968 | jury trial in this case commenced |
| December 20, 1968 | jury verdict of guilty |
| October 4, 1969 | jury trial in retrial of murder case commenced, resulting in conviction of Grimmett of manslaughter in connection with Aubrey's death |

The dates of other steps and proceedings in the prosecution of each case are not set forth because it is apparent from a careful study of each recorders court file that the people proceeded with all

reasonable diligence, once prosecutions were commenced, to complete the prosecution of each case. It is equally apparent that the people had all necessary information at their disposal to commence both prosecutions at the same time had they elected to do so, and it may be reasonably inferred from the records that commencement of prosecution of this case more than six months after the mistrial in the murder case was prompted by misgivings about the possible effect of the murder mistrial on the right to try defendant and others in a subsequent trial for the murder of Aubrey.

Under these circumstances was there a right, in addition to the right to a speedy trial in both prosecutions, to speedy commencement of prosecutions? The people take the negative position, asserting that the defendant's only right concerning the timing of the commencement of the prosecution is set forth by the applicable statute of limitations.[2] The necessary preparation for each trial would have been virtually the same and defendant demonstrates no prejudice in having a fair trial by reason of the delay. The original prosecution was still pending and he did not move for a joint trial of both prosecutions. The second prosecution was completed before the first. We hold that there was no violation of his constitutional or statutory rights to speedy trial nor was there a failure of due process. 21 Am Jur 2d, Criminal Law, § 248, p 283.[3]

In a supplemental brief, the defendant claims the right to a reversal of his conviction by authority of *Ashe* v. *Swenson* (1970), 397 US 436 (90 S Ct

[2] MCLA § 767.24 (Stat Ann 1954 Rev § 28.964).

[3] For the type of situation in which delay in prosecution may be a violation of constitutional rights, see *People* v. *Hryciuk* (1967), 36 Ill 2d 500 (224 NE2d 250), where a 14-year delay in a murder prosecution was deliberate and calculated, and prejudice was demonstrated.

1189, 25 L Ed 2d 469). *Ashe* v. *Swenson* deals with double jeopardy and collateral estoppel in the multiple prosecution situation, but it could have no application to Grimmett in this case where he was tried and convicted before his conviction of manslaughter. The situation would not be changed even if the January 1968 murder trial was jeopardy, because the mistrial there was not based on findings inconsistent with his guilt in this case.

His conviction is affirmed.

All concurred.