PEOPLE v MAYBEE

1. CRIMINAL LAW—LINEUPS—EVIDENTIARY HEARING—DEFENDANT TES-
TIFYING.

The refusal of a trial court to allow the criminal defendant to
testify at a hearing to determine the legality of a lineup for the
limited purpose of making a record of his version of the
circumstances regarding the lineup is reversible error.

2. CRIMINAL LAW—LINEUPS—ASSISTANCE OF COUNSEL—WAIVER.

Submitting to the jury the issues of the voluntariness of defend-
ant's waiver of assistance of counsel at a lineup and the
fairness of the lineup is reversible error.

Appeal from St. Clair, Stanley C. Schlee, J.
Submitted Division 2 February 29, 1972, at Lans-
ing. (Docket No. 8706.) Decided May 1, 1972.

Michael R. Maybee was convicted of armed rob-
bery. Defendant appeals. Remanded with instruc-
tions.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Walter W. Turton,*
Prosecuting Attorney, *Peter Deegan,* Chief Assist-
ant Prosecuting Attorney, and *Delmer L. Cleland,*
Corporation Counsel, for the people.

*Lloyd V. Marlette,* for defendant on appeal.

Before: McGREGOR, P. J., and J. H. GILLIS and
O'HARA,* JJ.

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 368.
[2] 21 Am Jur 2d, Criminal Law § 317.
  * Former Supreme Court Justice, sitting on the Court of Appeals by
assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

PER CURIAM. Michigan law recognizes that an accused is guaranteed the right to counsel at a pretrial lineup conducted for identification purposes under *United States v Wade,* 388 US 218; 87 S Ct 1926; 18 L Ed 2d 1149 (1967). *People v Hutton,* 21 Mich App 312 (1970). It is further well-established that,

" * * * [O]nce the claim of an illegal confrontation is raised, an evidentiary hearing must be held to determine the merits of the claim, and that this hearing must be held outside the presence of the jury." *People v Childers,* 20 Mich App 639, 646 (1969); *People v Hutton,* 21 Mich App 312, 325 (1970); *People v Edmonds,* 32 Mich App 172, 173 (1971).

Furthermore, Michigan law recognizes that the defendant has the right to testify at the *Wade* hearing "for the limited purpose of making a record of his version of the facts and circumstances regarding the lineup". *People v Piscunere,* 26 Mich App 52, 56 (1970).

In the case at bar, the trial court refused to allow the defendant to testify at the *Wade* hearing for the limited purpose of offering evidence regarding the lineup. This refusal is reversible error. Likewise, the trial court erred in submitting to the jury the issues of the voluntariness of defendant's waiver of assistance of counsel at the lineup and the fairness of the lineup. *People v Hutton, supra.* This case is remanded for a full evidentiary hearing where the trial court, after hearing all testimony, should determine the following: (1) Whether the defendant did or did not knowingly and voluntarily waive his right to assistance of counsel at all three lineups, and (2) If there is a finding that the defendant did not so waive assistance of counsel for the second and third lineups (the lineups

where the defendant was identified), whether the subsequent in-court identification did or did not have an independent origin other than the lineup.

If the trial court determines that the defendant knowingly and voluntarily waived his right to assistance of counsel at all three lineups, then this case shall stand affirmed in all respects. If the trial court determines that the defendant did not so waive assistance of counsel for the second and third lineups but determines that the subsequent in-court identification had an independent origin other than from the illegal lineups, then this cause shall stand affirmed. If the trial court makes a finding that the defendant did not so waive assistance of counsel and a further finding that the subsequent in-court identification did not have an independent origin, then the trial court shall grant a motion for new trial.

Remanded with directions hereinbefore set forth.