## PEOPLE *v.* RIMSON.

1. CRIMINAL LAW—WITNESSES—NAMES NOT INDORSED ON INFORMATION—FAILURE TO OBJECT.

Failure of prosecutor timely to indorse names of two *res gestae* witnesses to crime of felonious assault on information *held*, not reversible error, when not objected to at trial and it is not shown prosecutor knew names of such witnesses before trial (CL 1948, § 750.82; CLS 1961, § 767.40).

2. SAME—WITNESS NAMED IN INFORMATION BUT NOT OFFERED AT TRIAL—FAILURE TO OBJECT.

Failure of prosecutor to have offered at trial 10-year-old witness to crime of felonious assault, where name had been indorsed on information *held*, not reversible error, when not objected to at trial (CL 1948, § 750.82; CLS 1961, § 767.40).

3. APPEAL AND ERROR—SAVING QUESTION FOR REVIEW.

Appellate court will not consider matters on appeal not raised by defendant during trial, passed on by trial court, and preserved in record.

4. SAME—SAVING QUESTION FOR REVIEW—FAILURE TO INDORSE WITNESS ON INFORMATION.

Failure timely to indorse names of witnesses on information cannot be raised for first time on motion for new trial when failure was known during trial.

5. ASSAULT AND BATTERY—FELONIOUS ASSAULT—EVIDENCE.

Evidence adduced in prosecution for felonious assault *held*, sufficient to justify jury in finding that defendant wilfully intended to fire gun at complainant (CL 1948, § 750.82).

---

REFERENCES FOR POINTS IN HEADNOTES

[1–4] 5 Am Jur 2d, Appeal and Error § 545 *et seq.*
21 Am Jur 2d, Criminal Law § 328.
[5] 6 Am Jur 2d, Assault and Battery § 92 *et seq.*

Appeal from Wayne; Moynihan (Joseph A., Jr.), J. Submitted Division 1 April 5, 1966, at Detroit. (Docket No. 1,182.) Decided July 12, 1966.

Arnold Rimson was convicted of felonious assault. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Samuel H. Olsen,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, for the people.

*Arthur M. Bowman,* for defendant.

McGregor, J. Defendant entered a party store operated by the complainant, Mrs. Eva Esman, on or about May 9, 1962. Present in the store at the time of the incident were Ernie Vendervest, an employee of the complainant; Widiha Esman, a 9-year-old daughter of the complainant; and Widiha Esman's 10-year-old girl friend, Susan Hamzakls. Augustus Vinson, a friend of the defendant, and Ollie B. McClendon, a cousin of Augustus Vinson, but a stranger to both the defendant and complainant, walked into the store shortly thereafter, at which time an argument was "going on" between the complainant and the defendant.

There are conflicting versions of what defendant said to the complainant upon entering the store. The complainant alleges that the defendant, whom she had never seen before, directed abusive and repulsive language to her, and stated he wanted to "pimp" for her. She, in fear, asked the two other men to "get this man out of here", secured a revolver owned by her husband and ordered the defendant to leave the store. Defendant alleges he asked for some cigarettes but was refused service

when he called the complainant "beautiful". An argument ensued between the complainant and defendant, and the defendant grabbed the revolver from the hands of the complainant. Defendant denied the use of vile language. The complainant alleges that she was scared, that she thought the defendant intended to shoot her, claiming he pointed the gun at her head, saying, "I am going to do the shooting now", and shot; whereas the defendant alleges that the revolver accidentally discharged while in his possession. The bullet lodged in a beer cooler; the complainant was not struck by it. The defendant then left the store and was apprehended by the police, two of whom testified that they saw the gun in defendant's hand. There was some evidence that the defendant had been drinking.

Augustus Vinson and Ollie McClendon were not indorsed on the information; Susan Hamzakls was indorsed but was not called at the trial. At trial, defendant's counsel brought Augustus Vinson and Ollie McClendon to court, and both were cross-examined by defendant's counsel without defendant's objection to the fact that they had not been timely indorsed on the information. Susan Hamzakls was neither offered as a witness nor was any request made for her. McClendon, a parolee, explained that he ran for the door when Mrs. Esman drew the pistol, stating, "I didn't want to come into conflict with that". McClendon and Vinson both testified that on the evening in question, when they entered the store, an argument was "going on" between the complainant and the defendant; one of them testified that he heard her accuse the defendant of being drunk and ordering him out of the store; that defendant had some money in his hand and kept hitting it on the counter; and that he saw the defendant "snatch" the gun from her and heard him say, "You

ain't going to shoot me with it." The evidence further showed that complainant had previously said to both McClendon and Vinson, "get him out of here", that each grabbed an arm of the defendant and started with him out of the store; that when the defendant saw a gun in complainant's hand, he jerked away from Vinson and McClendon, walked back towards the complainant, and grabbed the gun from her. Vinson testified that in his opinion the defendant had been drinking but was not drunk, and further, that complainant was "hollering" and "screaming".

Upon the appearance of McClendon and Vinson at the trial, the defendant made no application for continuance, did not object to their testifying, did not claim surprise, but in fact, claimed that it was the defendant's attorney who contacted these witnesses. The record is barren of any request by defendant that Susan Hamzakls be called as a witness. *People* v. *Zabijak* (1938), 285 Mich 164. The prosecution and defense, by oral stipulation on the record, waived certain police officers, but Susan Hamzakls was not listed among those indorsed witnesses who were waived.

Defendant is charged with felonious assault. It is apparent from the transcript that the trial court very accurately and correctly defined the offense according to the statute* and the court decisions.

The real issue before us is whether reversible error was committed by the failure of the prosecuting attorney to indorse timely on the information the two alleged *res gestae* witnesses or to produce Susan Hamzakls, in light of the fact that appellant failed to complain, before, during, or after the trial of this fact, raising it for the first time on this appeal. The statutory law requires that, on all informations,

---

\* See CL 1948, § 750.82 (Stat Ann 1954 Rev § 28.277).

·the prosecuting attorney "shall indorse thereon the names of the witnesses known to him at the time of filing the same. * * * Names of other witnesses may be indorsed before or during the trial by leave of the court and upon such conditions as the court shall determine." CLS 1961, § 767.40 (Stat Ann 1965 Cum Supp § 28.980). There was no showing on the record that the prosecuting attorney knew .the names of Vinson and McClendon.

In *People* v. *Dimitroff* (1948), 321 Mich 205, which is a case involving an analogous situation, a defendant was charged with taking indecent liberties with a female child under the age of 16 years. This child, in company with two other girls, was attending a movie and the defendant sat next to the child victim. The other two girls' names were not indorsed on the information or called at the trial. No objection whatsoever was made to the failure to have such names indorsed on the information until the defendant made a delayed motion for a new trial, over eight months after his conviction had been appealed to the Supreme Court. The Supreme Court, in ruling on the instant question, said (p 209): "The failure to indorse the names of *res gestae* witnesses on the information cannot be raised for the first time on a motion for a new trial."

This Court has stated that it will not consider on appeals objections not raised by a defendant .during the trial, passed on by the trial court, and preserved in the record. *People* v. *Willis* (1965), 1 Mich App 428. Nowhere does the defendant attack the good faith of the prosecuting attorney in not indorsing the witnesses on the information. Defense counsel may not sit back, make no complaint about the failure of the prosecuting attorney to indorse alleged eyewitnesses on the information, and then be allowed to predicate error thereon on appeal, especially so when the prosecuting attorney has had

no opportunity to explain such failure. Under the circumstances herein, the tardy indorsement or omission of indorsement of such names to the information was not reversible error.

The defendant contends also that the verdict of the jury was against the weight of the evidence, but he probably means the evidence was insufficient to establish defendant's guilt beyond a reasonable doubt. A fair reading of the transcript shows that the defendant grabbed the gun from the complainant and, according to the complainant, the defendant thereupon said, "I am going to do the shooting now", pointed the gun at her head, and fired it. There was also additional evidence, if believed by the jury, to permit it to find that the defendant did exhibit wilful intent when the disputed testimony showed that, after he had been grabbed by Vinson and McClendon and was being assisted out of the store, he jerked away, walked back towards complainant, grabbed the gun from her, and said, "I ought to kill you." The defendant, in disaffirmance, testified that he grabbed the gun in self-defense, started for the door, swung around to ask the complainant a question, and the pistol went off accidentally; which denial the jury was at liberty to believe or disbelieve, and apparently resolved the conflict in evidence against the defendant.

The transcript establishes that sufficient testimony was presented to the jury to justify their finding that defendant wilfully intended to fire the gun at Mrs. Esman.

Conviction affirmed.

HOLBROOK, P. J., and J. H. GILLIS, J., concurred.