PEOPLE v. BRADFORD.

1. Criminal Law—Complaint—Knowledge Required.
   Personal knowledge is not required for a valid complaint of crime, a complaint which upon its face purports to be made upon the knowledge of the affiant being sufficient.

2. Trial—Criminal Law—Bias of Juror—Discretion.
   Granting or denying defendant's request to question the jury further was within the discretion of the trial court when it became known on the second day of trial that one of the jurors was acquainted with the complaining witness, and interrogation by the court established that the juror did not recognize the complaining witness until after the trial began, and that the juror did not discuss her acquaintance with any other members of the jury, and the juror was promptly excused from the case.

Appeal from Recorder's Court of Detroit, Schemanske (Frank G.), J. Submitted Division 1 June

References for Points in Headnotes
[1] 5 Am Jur 2d, Arrest §§ 12–15.
[2] 31 Am Jur, Jury § 138.

5, 1968, at Detroit. (Docket No. 3,368.) Decided August 29, 1968. Rehearing denied October 2, 1968. Leave to appeal denied by Supreme Court January 14, 1969. 381 Mich 796.

Clarence A. Bradford was convicted of larceny by conversion and of uttering and publishing forged checks. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Angelo A. Pentolino,* Assistant Prosecuting Attorney, for the people.

*Virginia B. Capper,* for defendant.

QUINN, P. J. By jury verdict June 7, 1966, defendant, an attorney, was convicted of larceny by conversion[1] and on 3 charges of uttering and publishing forged checks.[2] He was sentenced to 3 years' probation and appeals.

A review of the trial record and the briefs convinces us that no useful purpose would be served by discussing in detail the facts of the case or the 18 issues raised by defendant on appeal. Those issues discussed in this opinion are the only issues we consider to merit discussion, and those only briefly.

Defendant contends the cause should have been dismissed at trial when the complaining witness testified that he had no personal knowledge of the facts contained in the complaint at the time he signed the complaint. The personal knowledge adverted to by defendant is not required for a valid complaint. A complaint which, upon its face, purports to be made

---

[1] CL 1948, § 750.362 (Stat Ann 1954 Rev § 28.594).
[2] CL 1948, § 750.249 (Stat Ann 1962 Rev § 28.446).

upon the knowledge of affiant is sufficient. *People v. Davis* (1955), 343 Mich 348. Such a complaint is present here and dismissal for this reason was properly denied.

On the second day of trial, the complaining witness, an attorney, disclosed he recognized one of the jurors as a person known to him for some time and for whom complainant had done legal work in years past. This juror was interrogated by the court as to why she had not disclosed this acquaintance on *voir dire* and whether she had discussed her acquaintance with complainant with any other juror or had made the fact known to the jury in any way. This interrogation disclosed that the juror did not recognize complainant's name when names of witnesses were read, but when he appeared to testify some time after the trial started, she did recognize him. The juror denied discussing the subject with anyone else on the jury, but as a precaution and since 14 jurors had been impaneled, she was excused by the court. Defendant contends he was entitled to question the jury further in this regard and that denial of this right was error. Such procedures are peculiarly within the trial court's discretion and the denial could only be reversible error if an abuse of discretion was shown. We find no error in this regard.

The other errors asserted by defendant on this appeal and relating to great weight of evidence, admission of exhibits and testimony over objection, remarks by the trial court, restriction of questions to character witnesses, conduct of the prosecuting attorney, instructions given and requested and not given are not substantiated on this record as errors, let alone reversible errors.

Affirmed.

Fitzgerald and J. H. Gillis, JJ., concurred.