PEOPLE *v.* HUGHES

PEOPLE *v.* MARTIN

1. CRIMINAL LAW—DUE PROCESS—RIGHT TO ASSISTANCE OF COUNSEL
   —POLICE LINEUP.
   Defendant suspected of armed robbery who was identified by the
   victim at a police lineup without his counsel being present in
   1965 was not deprived of his constitutional right to be assisted
   by counsel.

2. SAME—DUE PROCESS—APPEAL AND ERROR—FAILURE TO ASSERT
   ERROR AT TRIAL.
   Defendant cannot assert as error on appeal the admission of tes-
   timony relating to identification of defendant at a lineup when
   this testimony was not objected to at the trial.

3. SAME—DUE PROCESS—CROSS-EXAMINATION OF DEFENDANT—PRE-
   VIOUS OFFENSES.
   Prosecuting attorney's characterization of defendant's previ-
   ous conviction as "rape" following defendant's admission on
   cross-examination that he was convicted of "carnal knowledge
   of a female minor", when the conviction was actually for
   taking indecent liberties, *held*, not reversible error where it
   resulted from defendant's own confusing characterization of
   his offense, and he failed to object at trial.

4. SAME—DUE PROCESS—EVIDENCE—IMPLICATION OF PREVIOUS CRIM-
   INAL RECORD.
   Defendant's objection to testimony of witnesses that they were
   shown pictures by police from which they identified him and
   to their reference to looking at pictures from "the rack" as
   being the equivalent of telling the jury that he had a previous

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 21 Am Jur 2d, Criminal Law § 368.
[3] 53 Am Jur, Trial § 484.
[4] 29 Am Jur 2d, Evidence § 320 *et seq.*

criminal record *held,* without merit, because defendant took the stand on his own behalf and admitted being on probation for another crime; no objection was made to the testimony, the phrase "the rack" was elicited by his own attorney, and the language and procedure used did not hint at a prior criminal conviction.

Appeal from Recorder's Court of Detroit, Schemanske (Frank G.), J. Submitted Division 1 June 12, 1968, at Detroit. (Docket Nos. 3,648, 3,584.) Decided November 27, 1968.

Cleveland Hughes and James Henry Martin were convicted of robbery armed. Defendants appeal. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Thomas P. Smith,* Assistant Prosecuting Attorney, for the people.

*Sydney L. Ruby,* for defendants.

Per Curiam. After a jury trial conviction of armed robbery,* defendants have each appealed which appeals have here been consolidated.

As to defendant Martin, two issues were raised. First, he claims a violation of his rights in that testimony of his line-up identification was received in evidence even though he was not represented by counsel. This is not a valid ground. The lineup took place in 1965 prior to *United States* v. *Wade* (1967), 388 US 218 (87 S Ct 1926, 18 L Ed 2d 1149) which was made applicable only to lineups occurring after June 12, 1967. *Stovall* v. *Denno* (1967), 388

---

* CLS 1961, § 750.529 (Stat Ann 1968 Cum Supp § 28.797).

US 293 (87 S Ct 1967, 18 L Ed 2d 1199). In addition there is absolutely no showing on this record of a denial of counsel at the lineup nor of any support for an assertion of other constitutional unfairness. And finally, no objection was made to the receipt of the line-up testimony resulting in the inability of defendant to assign the same as error on appeal. *People* v. *Dobine* (1963), 371 Mich 593; *People* v. *Guise* (1933), 262 Mich 72.

The only other claim of error on behalf of defendant Martin is that the court erred in receiving testimony, after he took the witness stand in his own behalf, that he had previously been convicted of "carnal knowledge of a female minor," and that it was characterized by the assistant prosecutor as "rape." Although the record is not clear, it appears from the sentencing that the previous conviction was for "indecent liberties." Error cannot be predicated upon this confusion for it was of defendant Martin's own making. If he had really been convicted of indecent liberties, his own characterization of the offense as "carnal knowledge of a female minor" was confusing and inaccurate and led to the subsequent confusion of the court, assistant prosecutor and even his own counsel. Again defendant saved no objection. *Dobine, supra.*

Defendant Hughes complains of the testimony of certain witnesses that they had been shown pictures by police from which they identified him. He objects also to the witness' reference to looking at pictures from "the rack." Defendant argues that this is equivalent to telling the jury that the defendant had a previous criminal record. This complaint likewise must be rejected for a number of reasons: 1). Hughes took the stand on his own behalf and admitted being on probation for larceny from a building; 2). no general objection was made to this

testimony nor was any specific objection made as to the use of the pictures or their characterization as from "the rack;" 3). the language of "the rack" was elicited upon cross-examination by defendant's counsel; and 4). the language and procedure used neither required a finding nor hinted at a prior criminal conviction.

That improper procedure was used to refresh a witness' recollection is also assigned by defendant Hughes as error. After starting out improperly, the proper procedure for refreshing a witness' recollection was used. *People* v. *Thomas* (1960), 359 Mich 251. Any irregularity was thus cured and in any event, there is no showing of prejudice. GCR 1963, 529.1.

The final assignment of error by defendant Hughes is based upon evidence received concerning Hughes' earlier assertion on direct examination that he had never robbed anyone. The testimony objected to dealt with that assertion and to establish the defendant's knowledge of the east side of the city of Detroit where both the prior and the present offenses took place. The defendant had denied knowledge or familiarity with that area.

The testimony was properly received.

Affirmed.

T. G. KAVANAGH, P. J., and LEVIN and NEWBLATT, JJ., concurred.