PEOPLE v. LOVE

1. WITNESSES—EVIDENCE—IDENTIFICATION OF DEFENDANT—EYEWITNESS IDENTIFICATION—PREVIOUS LINEUP.

Assertedly illegal lineup *held,* not grounds for reversal of conviction where record disclosed that witness was able to identify defendant in court independently of previous identification.

2. CRIMINAL LAW—TRIAL—INSTRUCTIONS TO JURY—APPEAL AND ERROR—PRESERVING QUESTION FOR REVIEW.

Defendant's claim that the judge at his trial for breaking and entering improperly instructed the jury will not be considered on appeal where defendant did not object to the charge at trial (GCR 1963, 516.2).

3. INDICTMENT AND INFORMATION—CRIMINAL LAW—RES GESTAE WITNESSES—INDORSEMENT ON INFORMATION.

Failure of prosecution to indorse on the information in a criminal case the names of two *res gestae* witnesses is not grounds for reversal where the witnesses were known to defendant prior to trial and he did not move for their indorsement or production at trial.

4. NEW TRIAL—DISCRETION.

The granting of a motion for a new trial is discretionary with the trial court.

5. CRIMINAL LAW—RES GESTAE WITNESSES—INFORMATION—INDORSEMENT—APPEAL AND ERROR—FAILURE BY DEFENDANT TO OBJECT.

Offer by prosecutor for cross-examination of two witnesses without their having been sworn, was not grounds for reversal since the two were not *res gestae* witnesses and there was no objection to this procedure at trial.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 368.
[2] 5 Am Jur 2d, Appeal and Error § 891.
[3, 5] 41 Am Jur 2d, Indictments and Informations § 56.
[4] 39 Am Jur, New Trial § 201.

Appeal from Macomb, Frank E. Jeannette, J. Submitted Division 2 June 3, 1969, at Lansing. (Docket No. 5,628.) Decided June 26, 1969. Rehearing denied September 2, 1969.

Gerald Lee Love was convicted of breaking and entering. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *George N. Parris,* Prosecuting Attorney, *Thaddeus F. Hamera,* Chief Appellate Lawyer, and *Stephen F. Osinski,* Assistant Prosecuting Attorney, for the people.

*William A. Gentz,* for defendant.

Before: LESINSKI, C. J., and QUINN and DANHOF, JJ.

QUINN, J. Defendant was convicted by jury verdict of breaking and entering in violation of MCLA § 750.110 (Stat Ann 1969 Cum Supp § 28.305), and he was sentenced to prison. His motion for new trial was denied and he appeals.

Defendant's first assignment of error relates to an in-court identification of defendant by an eyewitness, which defendant contends was tainted by an illegally held lineup. When the prosecuting attorney asked the witness for the identification, defendant objected and moved for a separate record because of a claimed unconstitutional lineup which tainted the identification. A separate record was made but the trial judge refused defendant's request to continue the separate record to the point of determining the fact of the alleged taint. The identification was permitted, and defendant says this was error without a prior determination that

the in court identification was not tainted by the
alleged unconstitutional lineup, citing *United States*
v. *Wade* (1967), 388 US 218 (87 S Ct 1926, 18
L Ed 2d 1149).

Dale Kuecken lived across from the laundromat
that was burglarized. August 15, 1967, about 4:45
A.M., he returned home from work and observed
activity near the building that aroused his curiosity.
Kuecken saw a person going around behind the
building and he heard a voice say "We can't get
in". He saw someone trying to pry open the front
door, and Kuecken called the police. Kuecken then
heard glass breaking and an alarm ringing and he
saw two persons running toward his side of the
street. Kuecken took his shotgun and went outside
to stop them. He called "stop" and one (defendant)
stopped within eight to ten feet of Kuecken. The
former threw something (later determined to be
a tire iron) at Kuecken which struck Kuecken in
the shoulder. The defendant and the other person
drove off in an automobile.

The police arrived and Kuecken directed their
attention to a car that was driving away from the
scene. The police pursued this car, overtook it
and apprehended defendant, Hutton and another.
In this interval, a second police car arrived and
Kuecken related to the officer what had occurred.
Kuecken went with this car on a tour of the neigh-
borhood looking for the persons Kuecken had seen
and then to the police station. There Kuecken ob-
served three people through a one-way glass panel
and identified defendant as the person who threw
the tire iron. The other two people were Hutton
and the other person with Love and Hutton when
they were apprehended. This is the alleged lineup
defendant complains about.

The record discloses that the trial court found that Knecken was able to identify defendant independently of the alleged illegal lineup, and this finding is supported by the record. (See *Wade, supra.*) We find no error on this point. *People* v. *Floyd* (1968), 15 Mich App 284; *Commonwealth* v. *Bumpus* (1968), 354 Mass 494 (238 NE2d 343).

Defendant's allegation of error with respect to the instructions of the trial court was not preserved for consideration by this Court, GCR 1963, 516.2. Defendant examined the instructions before they were given and he was afforded an opportunity to object to them. He did not object, but he did express satisfaction with them.

Defendant claims reversible error because the trial court did not require the prosecuting attorney to indorse two *res gestae* witnesses on the information. These witnesses were known to defendant prior to trial and he did not move for their endorsement or production at trial. This error was not saved for review. *People* v. *Rimson* (1966), 3 Mich App 713; *People* v. *Amos* (1968), 10 Mich App 533.

The grant of a motion for new trial is discretionary with the trial court. *People* v. *Poole* (1967), 7 Mich App 237. Neither the record nor defendant's arguments persuade us that the trial judge abused his discretion in denying the motion for new trial in this instance.

Finally, defendant asserts reversible error because the prosecuting attorney offered two *res gestae* witnesses to him for cross-examination without having them sworn as witnesses. Defendant made no objection to this procedure at trial nor was it alleged as a basis for new trial. It is raised for the first time on appeal. Defendant's characterization of these witnesses as *res gestae* does not make them such, and on this record, we do not find

them to be *res gestae* witnesses. Defendant has failed to demonstrate that any miscarriage of justice resulted from this procedure. No reversible error has been shown. *People* v. *Keiswetter* (1967), 7 Mich App 334.

Affirmed.

All concurred.