PEOPLE *v*. SHIPP

1. EVIDENCE—CRIMINAL LAW—LINEUP—RIGHT TO COUNSEL—WAIVER—WITNESSES—IN-COURT IDENTIFICATION.

Acceptance of a witness's in-court identification of defendant, without objection, was not an abuse of discretion where the same witness had previously identified defendant in a lineup after defendant had knowingly waived his constitutional right to have an attorney present, and there was no material proof that the lineup was unfair, or that defendant had requested a hearing on the waiver, or that defendant had moved to suppress.

2. EVIDENCE—CRIMINAL LAW—WITNESSES—IN-COURT IDENTIFICATION—INDEPENDENT SOURCE—LINEUP.

Gas station attendant's in-court identification of defendant as the man who robbed him was based on a source independent of the attendant's lineup identification of defendant, where the evidence showed that the lighting at the robbery scene was good, the attendant was close to the robber for some time and had ample opportunity to observe the robber's features and a scar on the robber's left arm, thus making positive identification of defendant by a means sufficiently distinguishable from and unconnected with the lineup identification.

3. CRIMINAL LAW—EVIDENCE—EXTRAJUDICIAL STATEMENTS—VOLUNTARINESS—EVIDENTIARY HEARING—SUA SPONTE—COURTS.

A trial court is not required to conduct an evidentiary hearing on its own motion concerning the voluntariness of an accused's

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 29 Am Jur 2d, Evidence § 367.
[2] 29 Am Jur 2d, Evidence §§ 367, 371.
[3, 4] 29 Am Jur 2d, Evidence §§ 612, 614.
[5] 29 Am Jur 2d, Evidence §§ 611, 614.
[6] 5 Am Jur 2d, Appeal and Error § 545.
[7] 21 Am Jur 2d, Criminal Law § 315.
[8] 39 Am Jur, New Trial §§ 13, 131, 201.

extrajudicial statements where defense counsel does not request such a hearing even though he has been served before trial with a notice of intent to use these statements.

4. EVIDENCE—CRIMINAL LAW—EXTRAJUDICIAL STATEMENTS—INTENT TO USE NOTICE—ADMISSIBILITY.

Defendant's admission of guilt at the time of his arrest was properly admitted where defense counsel, although he was served before trial with a notice of intent to use that admission, did not request an evidentiary hearing on the voluntariness of that admission, did not move to suppress that admission, did not object to the introduction of that admission either before or during trial, did not offer any proof that the admission was involuntary, and there was sufficient evidence to establish that defendant's admission was in fact voluntary.

5. CRIMINAL LAW—EVIDENCE—EXTRAJUDICIAL STATEMENTS—ADMISSIBILITY—WAIVER.

Objections to the use of a defendant's extrajudicial statements is waived by a failure to take proper procedural steps either before or during trial, where a notice of intent to use those statements has been served before trial.

6. APPEAL AND ERROR—TRIAL—TESTIMONY—OBJECTIONS.

Error cannot be assigned upon testimony received at trial without objection, in the absence of a notable abuse of discretion or of an obvious miscarriage of justice.

7. TRIAL—APPEAL AND ERROR—ATTORNEY AND CLIENT.

Appellate courts try never to second-guess trial counsel on matters of strategy and where the record clearly discloses that defendant's trial was neither a sham nor a mockery of justice, his contention on appeal that his trial counsel was so ineffective as to deprive him of a fair trial is unpersuasive.

8. TRIAL—NEW TRIAL—DISCRETION.

The granting of a motion for a new trial is discretionary with the trial court.

Appeal from Genesee, Stewart A. Newblatt, J. Submitted Division 2 December 3, 1969, at Lansing. (Docket No. 5,762.) Decided February 4, 1970. Leave to appeal denied June 30, 1970. 383 Mich 800.

Robert Lee Shipp was convicted by a jury of robbery armed. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, and *Donald A. Kuebler,* Chief Assistant Prosecuting Attorney, for the people.

*Robert J. Attaway,* for defendant on appeal.

Before: FITZGERALD, P. J., and BRONSON and T. M. BURNS, JJ.

T. M. BURNS, J.    Defendant was found guilty of the crime of robbery armed, MCLA § 750.529 (Stat Ann 1969 Cum Supp § 28.797), by a jury, and was given a prison sentence of 8 to 20 years. The complaining witness was a gas-station attendant. He testified that he was held up at gunpoint, and forced to follow the robber from the station. After going a short distance, the robber ran away and went out of sight between buildings. Police were called and captured the defendant as he was crouching in shrubbery nearby. A toy pistol and the complainant's money changer were found close to where the defendant was arrested and were used as evidence. When the police arrested defendant, one said to defendant, "You robbed the gas station, didn't you?" The defendant replied, "Yes." The defendant was subsequently identified as the holdup man by the station attendant victim, in a police lineup. Defendant filed an indigency affidavit, and counsel was appointed by the court. This attorney was defendant's counsel throughout the trial. He was also appointed appellate counsel over the objection of defendant and filed a claim of appeal with this Court. After the filing of this claim of appeal, there was a substitution of attorneys. Although this Court had jurisdiction over the cause by reason of the claim of appeal, GCR 1963, 802.1, the new

attorney filed a motion with the trial court to vacate
the verdict and order a new trial. This motion was
denied. To alleviate procedural difficulties, the
defendant's counsel filed a motion to set a new time
for appeal alleging that the claim of appeal had
been prematurely filed. This Court, by its order,
allowed a new time for a claim of appeal by right to
be set. An amended claim of appeal was then
timely filed.

The defendant asserts that a trial court is required
to ascertain that lineup procedures are constitu-
tionally fair in the absence of competent evidence
to the contrary, and that a trial court is required
to conduct a *Walker*-type hearing on its own mo-
tion concerning the voluntariness of a statement.
The defendant further asserts that he was deprived
of a fair trial by the alleged lack of diligence of his
court-appointed counsel.

An in-court identification of the defendant was
made by a witness, who had previously identified
the defendant in a lineup, without objection. De-
fendant contends that the record is silent on the
procedures used in the lineup, and therefore, under
*United States* v. *Wade* (1967), 388 US 218 (87 S Ct
1926, 18 L Ed 2d 1149), there must be a compulsory
"revelation at trial" of lineup procedures and fair-
ness. This contention is clearly refuted by the
record as the procedures used are clearly established
therein. Police detective Bourke's affidavit stated
that the defendant had been advised of his constitu-
tional rights, including the right to have an attorney
at the lineup, and that defendant waived this right.
In the absence of any material proof that the lineup
was unfair, or of any request for a hearing on the
waiver, or of any motion to suppress after notice,
the court concluded that there was a waiver on the
basis of the police affidavit. Under these circum-

stances, accepting an in-court identification without objection cannot be classified as an abuse of discretion.

An additional reason for allowing the in-court identification was given by the court:

"As a matter of fact, an independent source is pretty well indicated by the trial testimony of Falk, who indicated the identification was based upon examination of the defendant's face and *the scar on his left arm.*" (Emphasis added.)

The surrounding circumstances indicate that the lighting at the scene of the crime was extremely good and that the victim being close to the robber for some time had ample opportunity to observe him at length. In the light of the totality of the surrounding circumstances, the witness had ample opportunity to observe not only defendant's features but also identifying marks, and to make positive identification by means sufficiently distinguishable from and unconnected with the lineup. *People* v. *Love* (1969), 18 Mich App 228, 231.

Regarding defendant's admission of guilt in response to the police question, no objection to the admissibility of the answer was made either during or before trial, although a notice of intent to use admissions was furnished to defense counsel before trial. The defense made no request for a *Walker*-type hearing on this question. No steps were taken to suppress, nor was any proof offered that it was involuntary. No objection was made and there was evidence to establish that the confession or admission was in fact voluntary. *People* v. *Gollman* (1966), 3 Mich App 463; *People* v. *Fore* (1966), 5 Mich App 132.

In *People* v. *Carabell* (1968), 11 Mich App 519, the Court held that objection to the use of defend-

ant's prior admissions and confessions at trial is waived by failure to take proper procedural steps before and during trial, when notice was given that they would be used.

Likewise, there was no objection to the receipt of testimony regarding the lineup. Consequently, it was not saved to assign the same as error on appeal. *People* v. *Hughes* (1968), 14 Mich App 308. For, in the absence of a notable abuse of discretion or of an obvious miscarriage of justice, "error cannot be assigned upon testimony received at trial without objection." *People* v. *Guise* (1933), 262 Mich 72; *People* v. *Dobine* (1963), 371 Mich 593.

The court is not required to hold a *Walker*-type hearing on its own motion. If we were to require the court to intercede under the circumstances presented here, we would be placing a truly unwarranted burden upon the court. Defendant has cited no authority which would compel such a procedural innovation. We consider that it would be injudicious for us to do so here.

Defendant's contention that trial counsel was so ineffective or incompetent as to deprive him of a fair trial is unpersuasive. Appellate courts try never to second-guess trial counsel on matters of strategy. *People* v. *Martin* (1919), 210 Mich 139; *People* v. *Foster* (1920), 211 Mich 486; *People* v. *Crosby* (1969), 19 Mich App 135; see also *People* v. *Hoy* (1968), 380 Mich 597.

The record clearly discloses that the trial was neither a sham nor a mockery of justice. *People* v. *Wynn* (1968), 14 Mich App 268, 269.

"The grant of a motion for new trial is discretionary with the trial court. *People* v. *Poole* (1967), 7 Mich App 237. Neither the record nor defendant's arguments persuade us that the trial judge abused

his discretion in denying the motion for new trial in this instance." *People* v. *Love, supra,* p 231.

Affirmed.

All concurred.