### PEOPLE *v.* LOUIS

1. APPEAL AND ERROR—WITNESSES—RES GESTAE WITNESSES—FAILURE TO CALL—PRESERVING QUESTION.

   Failure of the prosecution to call a *res gestae* witness is not reviewed upon appeal where defendant failed to object at trial and the record shows that no miscarriage of justice would result from a refusal to review.

2. WITNESSES—RES GESTAE WITNESSES—FAILURE TO CALL—WAIVER—MISCARRIAGE OF JUSTICE.

   No miscarriage of justice occurred through prosecutor's failure to call a *res gestae* witness who heard decedent state before dying that defendant shot him by accident where defendant's attorney, after hearing the prosecutor advise the court that this witness was not called, immediately waived the witness's presence because the court had already heard the statement from another prosecution witness where the court apparently based its decision that the shooting was not accidental on evidence that the gun had discharged twice which, despite decedent's statement, was sufficient to sustain a finding that defendant was guilty of manslaughter beyond a reasonable doubt.

Appeal from Oakland, Arthur E. Moore, J. Submitted Division 2 April 7, 1970, at Lansing. (Docket No. 8,219.) Decided May 1, 1970.

Mary Louis was convicted of manslaughter. Defendant appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 5 Am Jur 2d, Appeal and Error § 611.
21 Am Jur 2d, Criminal Law § 225.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Thomas G. Plunkett,* Prosecuting Attorney, *Dennis Donohue,* Chief Appellate Counsel, and *Edward Sosnick,* Assistant Prosecuting Attorney, for the people.

*Smith, Magnusson & Anderson (Douglas Chartrand,* of counsel), for defendant on appeal.

Before: McGREGOR, P. J., and DANHOF and LARNARD,* JJ.

PER CURIAM. Defendant, tried before a judge sitting without a jury, was found guilty of manslaughter, CL 1948, § 750.321 (Stat Ann 1954 Rev § 28.553), for the fatal shooting of her husband.

The only issue raised upon appeal is whether there was a miscarriage of justice because a witness, a male nurse, was not subpoenaed by the prosecution to appear at trial. The witness (Brownell) was alleged to have heard the deceased state, before he expired, that the shooting was an accident.

The witness's name (Brownell) had been indorsed upon the original information, however an amended information did not carry the witness's name so indorsed. Brownell was not called or offered by the people at trial.

The prosecutor advised the trial court that a *res gestae* witness had not been called; however, defendant's attorney immediately waived the witness's (Brownell) presence for the reason that the deceased's statement was heard by the court through another witness who had testified for the state.

We have stated over and over again that the objections not raised below will not be reviewed by this Court unless upon the whole record it appears that a miscarriage of justice would result. *People*

---

* Circuit Judge, sitting on the Court of Appeals by assignment.

v. *Willis* (1965), 1 Mich App 428; *People v. Rimson*
(1966), 3 Mich App 713; *People* v. *Jackson* (1969),
17 Mich App 675.

In the instant case we do not feel that a miscarriage of justice has occurred for the reason that the judge below as the finder of fact heard and considered what the missing witness would have said on the stand by way of another witness. In addition, he apparently based his decision that the shooting was not an accident upon other evidence (the gun had discharged twice) which despite a statement from the victim that the incident was accidental, was sufficient to sustain a finding of guilt beyond a reasonable doubt.

Because no proper objection was raised below, and looking at the evidence on the whole record, we cannot say that there was a miscarriage of justice.

Affirmed.