PEOPLE *v.* PITTS

1. CRIMINAL LAW—COMPLAINT—AFFIDAVIT—PERSONAL KNOWLEDGE.
   A felony complaint which purports to be made upon the affiant's knowledge is sufficient to be valid.

2. CRIMINAL LAW—EVIDENCE—CONFESSION—VOLUNTARINESS.
   A trial court is not required to hold an evidentiary hearing on its own motion to determine the voluntariness of a defendant's confession where defendant fails to request such a hearing, makes no attempt to suppress his confession, offers no proof of its involuntariness, and makes no objection to its introduction at trial.

3. CRIMINAL LAW—ASSISTANCE OF COUNSEL—WARNING—ADVICE OF RIGHTS.
   Defendant was not denied his constitutional right to the assistance of counsel before being questioned where the record showed that he neither requested nor was he denied an opportunity to see a lawyer, and where his trial occurred before a decision of the United States Supreme Court requiring that he be advised of his constitutional rights before being questioned.

Appeal from Recorder's Court of Detroit, Frank G. Schemanske, J.   Submitted Division 1 June 2,

REFERENCES FOR POINTS IN HEADNOTES

[1]  21 Am Jur 2d, Criminal Law § 441.
[2]  29 Am Jur 2d, Evidence §§ 582, 583.
     Constitutional aspects of procedure for determining voluntariness of pretrial confession.  1 ALR3d 1251.
[3]  21 Am Jur 2d, Criminal Law §§ 314, 317.
     29 Am Jur 2d, Evidence §§ 555, 556.
     Accused's right to assistance of counsel at or prior to arraignment. 5 ALR3d 1269.
     What constitutes "custodial interrogation" within rule of Miranda v. Arizona requiring that suspect be informed of his federal constitutional rights before custodial interrogation.  31 ALR3d 565.

1970, at Detroit.   (Docket No. 1,277.)   Decided June 29, 1970.

Clifford Pitts was convicted of breaking and entering a motor vehicle with intent to commit larceny.   Defendant appeals.   Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Angelo A. Pentolino,* Assistant Prosecuting Attorney, for the people.

*James A. Sullivan,* for defendant on appeal.

Before: V. J. BRENNAN, P. J., and LEVIN and BORRADAILE,* JJ.

PER CURIAM.   Defendant was convicted by a jury of breaking and entering a motor vehicle with intent to commit larceny therein.   MCLA § 750.356a [Stat Ann 1954 Rev § 28.588(1)].   On appeal, defendant contends that the complaint was insufficient because the complaining witness did not have personal knowledge of defendant's participation in the crime.   Contrary to defendant's claim, however, it is well established that such personal knowledge is not required for a valid felony complaint.   A felony complaint which, upon its face, purports to be made upon the knowledge of the affiant is sufficient. *People* v. *Mosley* (1953), 338 Mich 559; *People* v. *Davis* (1955), 343 Mich 348; *People* v. *Roney* (1967), 7 Mich App 678; *People* v. *Arntson* (1968), 10 Mich App 718; *People* v. *Bradford* (1968), 13 Mich App 150.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

At trial, several police officers testified that when they arrested defendant at the scene, he admitted breaking into the vehicle. Defendant contends that admission of the officers' testimony was error in the absence of a *Walker* hearing to determine the voluntariness of defendant's statement. We find no error. "The court is not required to hold a *Walker*-type hearing on its own motion." *People* v. *Shipp* (1970), 21 Mich App 415, 420. No objection was made at any time to the introduction of the officers' testimony. Defense counsel never requested a *Walker* hearing. No steps were taken to suppress the statements; no proof was offered that the statements were involuntary. Since the defense made no claim of inadmissibility at trial, we need not review the issue for the first time on appeal. *People* v. *Farmer* (1968), 380 Mich 198; *People* v. *Childers* (1969), 20 Mich App 639. Moreover, contrary to defendant's contention, nothing in the record establishes the applicability of *Escobedo* v. *Illinois* (1964), 378 US 478 (84 S Ct 1758, 12 L Ed 2d 977). Defendant neither requested nor was he denied an opportunity to see a lawyer. *People* v. *Doverspike* (1969), 382 Mich 1.

Likewise, *Miranda* v. *Arizona* (1966), 384 US 436 (86 S Ct 1602, 16 L Ed 2d 694, 10 ALR3d 974), has no application to this case since defendant was tried before June 13, 1966, the effective date of the *Miranda* decision. See *Johnson* v. *New Jersey* (1966), 384 US 719 (86 S Ct 1772, 16 L Ed 2d 882); *People* v. *Doverspike, supra.*

Affirmed.