PEOPLE *v.* LOGAN

1. CRIMINAL LAW—WITNESSES—RES GESTAE WITNESSES—UNIN-
DORSED WITNESS—APPEAL AND ERROR—PRESERVING QUESTION.

Failure of prosecutor to indorse the name of a *res gestae* wit-
ness on the information could not be raised for the first time
on appeal where the name of the witness became known at
the preliminary examination and the defendant did not move
to indorse the witness or demand his production.

2. CRIMINAL LAW—WITNESSES—RES GESTAE WITNESSES—UNIN-
DORSED WITNESS—APPEAL AND ERROR—PRESERVING QUESTION.

Failure of the prosecutor to indorse the name of a *res gestae*
witness will not be heard on appeal where the witness's identity
became known at trial and the defendant did not move for
indorsement.

Appeal from Recorder's Court of Detroit, George
W. Crockett, Jr., J. Submitted Division 1 February
9, 1971, at Detroit. (Docket No. 10126.) Decided
April 2, 1971.

Tyrone Logan was convicted of attempted larceny
from a person. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Dominick R. Carnovale,*
Chief, Appellate Department, and *Luvenia D. Dock-
ett,* Assistant Prosecuting Attorney, for the people.

*Carl Ziemba,* for defendant on appeal.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 5 Am Jur 2d, Appeal and Error § 545.
41 Am Jur 2d, Indictments and Informations § 60.

Before: Danhof, P. J., and Holbrook and Bronson, JJ.

Per Curiam. After a nonjury trial the defendant was convicted of attempted larceny from a person, MCLA § 750.92 (Stat Ann 1962 Rev § 28.287) and MCLA § 750.357 (Stat Ann 1954 Rev § 28.589). He now contends that the people failed to indorse two alleged *res gestae* witnesses.

The identity of one of the witnesses became known at the preliminary examination and the defendant did not move that his name be indorsed or demand his production. This issue may not be raised for the first time on appeal. *People* v. *Rimson* (1966), 3 Mich App 713; *People* v. *Printess C. Jackson* (1968), 11 Mich App 727.

The record does not show that the second witness was in fact a *res gestae* witness. Also, even if he were a *res gestae* witness, his identity became known at the trial and the defendant did not move that his name be indorsed.

Affirmed.