PEOPLE *v.* BOWMAN

1. CRIMINAL LAW—RES GESTAE WITNESSES—FAILURE TO INDORSE.
    Prosecutor's failure to indorse on the information and call an alleged *res gestae* witness was not reversible error where nothing in the record showed that the prosecutor was aware of the witness before trial or that the witness, if called, could have given relevant testimony and where the defendant's attorney did not request an adjournment nor move for indorsement of the witness.

2. CRIMINAL LAW—EVIDENCE—EVIDENCE NOT ADMITTED.
    The testimony of an arresting police officer that he found a gun near the place where the defendant, charged with breaking and entering, was discovered hiding did not constitute reversible error even though the gun was not introduced into evidence where the gun was not mentioned again and the defendant's attorney did not object to the officer's testimony nor move to strike it.

3. BURGLARY—ATTEMPTED BREAKING AND ENTERING—INSTRUCTIONS TO JURY.
    Failure to instruct the jury on the offense of attempted breaking and entering in defendant's trial for breaking and entering was not error where an eyewitness testified that he saw the defendant break in the door of the building burglarized and where the judge's instructions did not amount to an affirmative exclusion of the issue of attempted breaking and entering.

Appeal from Genesee, Donald R. Freeman, J. Submitted Division 2 March 9, 1971, at Detroit. (Docket No. 9248.)   Decided April 28, 1971.

REFERENCES FOR POINTS IN HEADNOTES
[1] 53 Am Jur, Trial § 8.
    21 Am Jur 2d, Criminal Law § 328.
[2] 29 Am Jur 2d, Evidence §§ 249, 771 *et seq.*
[3] 13 Am Jur 2d, Burglary § 67 *et seq.*

Robert R. Bowman was convicted of breaking and entering. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, and *Donald A. Kuebler,* Chief Assistant Prosecuting Attorney, for the people.

*Earle S. Clark, II,* for defendant.

Before: DANHOF, P. J., and McGREGOR and LEVIN, JJ.

PER CURIAM. Robert Bowman and a codefendant were tried for and convicted of the crime of breaking and entering on May 13, 1969, after a two-day jury trial. Defendant's motion for a new trial in the circuit court was denied February 17, 1970, and he appeals as of right.

A witness observed from his bedroom window on the second floor of an apartment building, defendant and his codefendant, on February 19, 1969, from about 5:15 a.m. until 5:30 a.m. The two men had driven into the parking lot reserved for tenants of the apartment building and, after waiting in their car for a short while, walked across the parking lot, climbed a fence, and broke in the rear door of a nearby building, a drive-through dairy. The witness immediately called the police, who apprehended both men while they were attempting to conceal themselves within the building. The rear door bore evidence of having been forced and broken open.

Defendant assigns several issues for our consideration, none of which were raised at trial by appropriate objection or request. He also asks us to review the exercise of discretion of the trial judge

on his motion for a new trial and to find an abuse thereof. *People* v. *Love* (1969), 18 Mich App 228.

Defendant's first issue involves the alleged failure of the prosecutor to indorse on the information and call an alleged *res gestae* witness. There is nothing in the record to show that the prosecutor was aware of the witness before the trial, or that the witness, if called, could have given relevant testimony. The defendant's attorney did not request an adjournment nor did he move for indorsement of the witness. There is no reversible error.

An arresting police officer testified that he found a gun on the premises near where defendant and his codefendant were discovered trying to conceal themselves. The gun was never presented as evidence, nor mentioned again at the trial. The defendant's attorney did not object to the officer's testimony nor move to strike it. Again, we find no reversible error. See *People* v. *Ivy* (1968), 11 Mich App 427.

The trial court instructed the jury on the primary offense, breaking and entering, and the included offenses of entering without breaking with intent to commit a larceny and entering a building without breaking and without permission. Defendant now claims reversible error for the court's failure to instruct on attempted breaking and entering. The omission on the part of the trial court, however, not only appears to have been warranted by the specific facts of the case, but did not amount to an affirmative exclusion, as was found in *People* v. *Jones* (1935), 273 Mich 430, and *People v. Lemmons* (1970), 384 Mich 1. The claim of defendant lacks merit. See *People* v. *Allie* (1921), 216 Mich 133, and *People* v. *Jebb* (1966), 3 Mich App 118, 121.

Defendant's last claim of error is that the trial court's instruction regarding defendant's right not

to testify gave undue emphasis to the fact that he had not testified.  This claim is devoid of merit.
Conviction affirmed.