## PEOPLE v HOOKS

Docket No. 53685. Submitted December 9, 1981, at Detroit.—Decided
    January 19, 1982. Leave to appeal denied, 413 Mich 902.

Robert M. Hooks, Jr., was convicted by a jury in Detroit Record-
    er's Court of voluntary manslaughter and possession of a
    firearm in the commission of a felony and was sentenced,
    Donald L. Hobson, J. Defendant appeals. *Held:*

1. The trial court erred in permitting a statement made by
defendant to be used for impeachment purposes without first
*sua sponte* conducting a hearing into the voluntariness of the
statement. Although a trial court is generally not required to
address a question of the voluntariness of a confession or
statement *sua sponte,* certain "alerting circumstances" may
impose a duty on the judge to assume a more active role and
investigate the need for a hearing on the voluntariness of a
statement. The fact that defendant made his statement eight
hours after he was seriously wounded in the chest and struck
on the head, after he had been given pain medication and while
he was attached to a life-support machine, had various tubes
attached to his body and was in a weakened state both physi-
cally and mentally and the fact that defendant did not read the
police officer's transcription of his statement but signed it while
the officer held defendant's head up so he could see the line he
was signing should have triggered the court's *sua sponte* in-
quiry into the voluntariness of the statement.

2. The case must be remanded for a hearing on the voluntari-
ness of the statement. If the court finds that the statement was
involuntarily made, a new trial shall be held. If the court
determines that the confession was voluntarily made, the con-
viction will stand.

Remanded.

CRIMINAL LAW — CONFESSIONS — VOLUNTARINESS OF CONFESSIONS.

A trial court generally is not required to address the question of
    the voluntariness of a confession *sua sponte;* however, in cases
    where a substantial question of voluntariness is raised, certain

REFERENCE FOR POINTS IN HEADNOTE
29 Am Jur 2d, Evidence § 582 *et seq.*

"alerting circumstances", such as the defendant's mental, emotional or physical condition or evidence of police threats or other obvious forms of physical and mental duress, may impose a duty on the judge to assume a more active role and investigate the need for a hearing on the issue of voluntariness.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Frank J. Bernacki,* Assistant Prosecuting Attorney, for the people.

*Hall, Andary & Bilicki, P.C.,* for defendant.

Before: D. C. RILEY, P.J., and R. M. MAHER and CYNAR, JJ.

D. C. RILEY, P.J. Defendant was convicted by a jury of the lesser included offense of voluntary manslaughter, MCL 750.321; MSA 28.553, and possession of a firearm in the commission of a felony, MCL 750.227b; MSA 28.424(2). The court sentenced defendant to not less than 6 months and not more than 15 years on the manslaughter charge and to a consecutive term of 2 years on the felony-firearm charge.

On February 2, 1980, at approximately 12:30 a.m., the defendant and Harold Ewing, deceased, were involved in a gun battle at the home of John Sellers. Around 2 a.m. on that same day, Ewing died of multiple gunshot wounds. The circumstances of the gun battle are in dispute. It is undisputed, however, that defendant went to Sellers' house to purchase a pill known as a "deb". Ewing answered the door and told defendant that Sellers was asleep. Defendant repeated his request to see Sellers and Ewing returned to the bedroom a second time but again informed the defendant that he could not awaken Sellers.

At this point the conversation between Ewing and defendant turned into a confrontation. Ewing allegedly aimed a handgun at defendant and then struck defendant alongside the head with the gun. A struggle ensued, whereupon defendant gained possession of one gun and Ewing obtained a second handgun. Both the defendant and Ewing were wounded, the latter fatally, during the exchange of gunfire which followed.

At approximately 10 a.m. on the same day, a Detroit police officer took a statement from the defendant while he was in the hospital. Defendant was suffering from a gunshot wound in the chest and a blow to his head. He was attached to a life-support machine, had tubes inserted into his nose, and had intravenous devices attached to his arms. The officer transcribed the oral statement which defendant made but did not read before signing. The parties disagree as to whether defendant was informed that Ewing had died prior to defendant's giving his statement.

Defense counsel did not move to suppress the statement or request a *Walker*[1] hearing. However, he did object to the admission of the statement into evidence. The statement revealed that defendant told the officer that a "deb" is "like speed", that Ewing was "bossing" him around and that the defendant fired the first shot. The prosecution used the statement to impeach the testimony of defendant.

The defendant's first issue on appeal is that the trial court erred in permitting the use of defendant's statement for impeachment purposes without first *sua sponte* conducting a *Walker* hearing. The essence of this argument is that the failure of

[1] *People v Walker (On Rehearing)*, 374 Mich 331; 132 NW2d 87 (1965).

defense counsel to make a specific request for a *Walker* hearing did not waive the trial court's duty to conduct such a hearing. The appellate counsel aptly cites several federal cases for this position, including *United States v Powe,* 192 US App DC 224; 591 F2d 833 (1978).

In *Powe,* the defendant was convicted by a jury of distributing a controlled substance. That defendant stated that her confession was made in response to offers of leniency and, therefore, was not voluntary. The court held that generally a trial court is not required to address a question of the voluntariness of a confession *sua sponte.* However, certain "alerting circumstances" may impose a duty on the judge to assume a more active role and investigate the need for a hearing on the voluntariness of a confession. Alerting circumstances may be a defendant's mental, emotional or physical condition, evidence of police threats, or other obvious forms of physical and mental duress. *Powe, supra,* 843, fn 31. The court limited its holding to cases where "a substantial question of voluntariness was raised". *Id.,* 844.

In Michigan, the general rule noted in *Powe* is followed; however, the exception recognized in that opinion has not yet been analyzed or adopted by this Court. In *People v Shipp,* 21 Mich App 415, 420; 175 NW2d 529 (1970), it was noted without citation to authority:

"The court is not required to hold a *Walker*-type hearing on its own motion. If we were to require the court to intercede under the circumstances presented here, we would be placing a truly unwarranted burden upon the court. Defendant has cited no authority which would compel such a procedural innovation. We consider that it would be injudicious for us to do so here."

The circumstances in *Shipp* are distinguishable from those in *Powe* or those in the instant case. The *Shipp* defendant was captured by police immediately after an armed robbery. The arresting police officer asked the defendant if he had robbed the gas station, to which defendant replied "yes". Trial counsel made no request for a *Walker* hearing and no steps were taken to suppress the admission. There was no allegation that the admission was in response to an offer of leniency or that the circumstances of the case should have alerted the trial court that the admission was involuntary.

*Shipp* was cited in *People v Pitts,* 25 Mich App 92, 94; 181 NW2d 78 (1970), for the rule of law that a court was not required to hold a *Walker* hearing on its own motion. In that case, several police officers testified that the defendant admitted his guilt at the scene of the crime. Once again there were no alerting circumstances as required in *Powe.* The other Michigan cases which can be cited for the general rule under discussion also do not have the requisite alerting circumstances which would activate the *Powe* exception. See *People v Graves,* 98 Mich App 112, 118-119; 296 NW2d 4 (1979), *People v Stephens,* 71 Mich App 33, 37; 246 NW2d 429 (1976).

The premise of the *Powe* exception is that a conviction based upon an involuntary confession deprives the defendant of due process. *Powe,* 591 F2d 833, 839. "[T]he proscription against the use of involuntary confessions reflects the basic societal conviction that the very integrity of the criminal justice system is compromised when it operates to take advantage of a person whose volitional capacity is seriously impaired." *Id.,* 841. (Footnote omitted.)

In this case, the defendant made his statement

roughly eight hours after being seriously wounded in the chest and struck on the head. He was attached to a life-support machine and had various tubes attached to his body. Defendant had been given pain medication and was in a weakened state both physically and mentally. He also testified that he did not read the officer's transcription of his statement but he signed it while the officer held defendant's head up so that he could see the line he was signing. This weakened mental and physical state was an alerting circumstance which should have triggered the court's *sua sponte* inquiry into the voluntariness of the statement. The burden placed on the trial court by this holding is immense, therefore, we necessarily rule narrowly. This case is clearly one *in extremis;* in many ways the subtle, friendly coercion that can be exerted on one who is helpless and seriously wounded in a hospital room is more effective than offers of leniency, in rendering one's statements involuntary.

This case must be remanded for a *Walker* hearing. If the court finds the statement was involuntarily made, a new trial shall be held for defendant. However, if the court determines that the confession was voluntarily made, the conviction will stand.

Defendant's other issues have been considered and we find no reversible error on those grounds.

Remanded.